### Marie Roll, Administratrix, Appellee, v. Springfield Consolidated Railway Company, Appellant.

1. VENUE—*necessity of notice to other party of application for change.* A petition for change of venue was properly denied when no notice of the proposed application was given to the other party.

2. MASTER AND SERVANT—*necessity of proof of existence of relation in action to recover for servant's tort.* To render one liable in tort for the action of another alleged to have been his servant. it is necessary to show that the tort-feasor was defendant's servant and that the relation existed at the time of the injury and with respect to the particular transaction from which the tort arose.

3. MASTER AND SERVANT—*liability of street railway company for act of policeman.* The mere fact that a policeman is commissioned at the request of a street railway company to guard its property, and is paid by it, does not render the company responsible for all of his doings.

4. MASTER AND SERVANT—*presumption that policeman not servant of street railway company.* The acts of a police officer commissioned at the request of a street railway company to guard its property, and paid by it, will be presumed to have been performed in his capacity as such officer until such presumption is overcome by evidence.

5. MASTER AND SERVANT—*sufficiency of evidence to show peace officers committing tort servants of street railway company.* Evidence *held* to warrant a finding that persons upon a street car who had been deputized as deputy sheriffs were, at the time in question, acting not in their official capacity, but as employees of the company and that a shot which struck plaintiff's intestate was fired by one of them.

6. Master and servant—*right of servants to defend themselves and master's property.* If missiles were being thrown by a crowd at a street car, breaking the windows, and shots were fired at it from the crowd, the servants in charge of the car were justified in defending themselves and the company's property.

7. Master and servant—*sufficiency of evidence to show negligence of servant in injuring third person.* Where the only person injured by shots fired from a street car, by employees deputized as deputy sheriffs during a strike, was a police officer conspicuously clothed as such and at the time in the performance of his duties in attempting to quell a disturbance by strikers or sympathizers who were attacking the car, the question of self-defense is not controlling in an action for the death of such policeman, as such facts show conclusively that the shot was not fired in self-defense but negligently with a disregard for human life.

8. Instructions—*when properly refused.* Requests to instruct were properly refused where some were defective, others not based on evidence, and those which were proper were fully covered by given instructions.

9. Instructions—*refusal where covered by instructions given.* When an attorney tenders many lengthy instructions, many of them containing the same propositions of law couched in different language, he cannot be heard to complain if the court does not select the instruction which states the law most clearly or most favorably to the party asking them, provided all the material propositions asked are contained in the given instructions.

Appeal from the Circuit Court of Sangamon county; the Hon. Norman L. Jones, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed April 22, 1922. *Certiorari* denied by Supreme Court (making opinion final).

P. B. Warren, A. M. Fitzgerald and W. A. Ruegg, for appellant.

John G. Friedmeyer and Oscar J. Putting, for appellee.

Mr. Justice Heard delivered the opinion of the court.

This is an appeal from a judgment for $6,000 in favor of appellee against appellant in a suit brought by appellee, administratrix of the estate of Noah Roll,

deceased, for the benefit of the next of kin of deceased.

The cause was tried upon the second count of the declaration. That count alleges the possession and operation of a street railway by the appellant in the City of Springfield, particularly upon Ninth street. Ninth street runs in a northerly and southerly direction and intersects North Grand avenue.

The count then alleges that the defendant had in its employment diverse armed persons who traveled and rode upon its street cars for the purpose of protecting them and that such persons were then and there armed with revolvers and firearms. The count avers that "it then and there was the duty of the defendant to exercise reasonable care consistent with the operation of its road and street cars, and the protection of its property with regard to the discharge of firearms and other weapons in that behalf," which "the said defendant wholly failed and neglected to do, and carelessly and negligently ordered and directed said divers persons, then in its employment, to discharge revolvers and other firearms in a manner without reasonable care and not consistent with the operation of its road and street cars and the protection of its said property"; that on the date alleged Noah Roll was a police officer of the City of Springfield and had been ordered by the chief of police to go to Ninth street and North Grand avenue and to assist in dispersing crowds and preserving order at that point; that Noah Roll, in accordance with said orders, did assist in dispersing crowds and preserving order, and that while engaged in assisting in dispersing crowds and preserving order, the said defendant, by certain of the said divers persons in its employment, without reasonable regard or reasonable care for the safety of the said Noah Roll, as well as other persons at the place aforesaid, then and there negligently and carelessly flourished and discharged firearms, to wit, five times, and by reason of the negligence and carelessness of the de-

fendant, by its said servants and employees, Noah
Roll was shot, cut, bruised, lacerated and wounded
about the head, face and body so that he then and there
died of said wounds and injuries.

The declaration further alleges that Noah Roll left
him surviving a widow and two minor children, name-
ly, Dorothy Roll and John Roll, and that they have
been deprived of their means and support.

To this declaration the appellant filed a plea of the
general issue, and on the same day filed a petition for
a change of venue from Sangamon county, based upon
the prejudice of the inhabitants of the county. No no-
tice of the proposed application for change of venue
was given to appellee and the petition was properly
denied. *Miller v. Pence,* 132 Ill. 149; *Hunt v. Tinkham,*
21 Ill. 639. Moreover, the question was not properly
preserved for review by bill of exceptions filed at the
term at which the proceedings were had or within a
time fixed by the court at said term. *People v.
Strauch,* 247 Ill. 220.

During the summer of 1907, a strike of street car
motormen and conductors was called against the ap-
pellant and resulted in their leaving the service of that
company. The places so abandoned by the strikers
were filled by others and appellant attempted to con-
tinue service to the public. During the strike previous
to the 7th day of August, 1917, various cars of defend-
ant company had been assaulted, and stones, bricks
and other missiles had been thrown at street cars and
also shots were fired at defendant's employees, and in
fact there were disturbances throughout the city aris-
ing out of that strike which were caused because of the
attempt of the appellant to continue its service to the
public. Because of such disturbances and the exist-
ence of the conditions arising out of the strike, the
sheriff of Sangamon county, in order to preserve order
and protect the property of the public and the appel-
lant, in his authority commissioned a number of spe-

cial deputies to aid him in the preservation of peace and the protection of property within the county. George H. Faxon was then chief deputy for the sheriff of Sangamon county.

Prior to the strike and the 7th day of August, 1917, the street cars running on the North Ninth street line which passed over the intersection at Ninth street and North Grand avenue were in the habit of operating from Fifth and Monroe streets, out Peoria road, to the fair grounds, and back through the intersection at Ninth street and North Grand avenue to Fifth and Monroe. During the strike and prior to the 7th of August, service was completely abandoned over this line after 6 o'clock p. m.

On August 7, 1917, appellant decided to operate its street cars on all lines in the City of Springfield according to schedule time and used certain of its employees, who were armed with firearms supplied by appellant, to ride on said cars.

On this evening a crowd began gathering at the intersection of Ninth street and North Grand avenue before 8:00 o'clock, and, as street cars would pass, the crowd would hoot and yell, attempting in that way to intimidate the employees of the appellant and the deputy sheriffs. Just before the time of the accident a street car was stoned and missiles were thrown through and into it, breaking many window glasses. That car then proceeded from the intersection of Ninth street and North Grand avenue to the intersection of Fifth and Monroe streets.

When it arrived at the intersection of Fifth and Monroe streets the conditions existing at North Ninth street and North Grand avenue and the circumstances of the assault upon the car and the breaking of glass were reported to appellant's officials. After the crew had again boarded the car with several deputy sheriffs, it made a return trip out North Ninth street, one car preceding it at some distance. The last car after

416 APPELLATE COURTS OF ILLINOIS.

Roll v. Springfield Consol. Ry. Co., 225 Ill. App. 411.

passing over the intersection of Ninth street and North Grand avenue traveled north and made the loop, past the fair grounds. When the last car approached the intersection of Ninth street and North Grand avenue from the north, the car ahead stopped and the motorman or conductor alighted to throw the switch, after which the two cars proceeded across the intersection going south. Just after the second car crossed North Grand avenue, missiles were thrown at it from the crowd and shots were exchanged between the persons on the car and persons in the crowd, and during this exchange of shots Noah Roll, the deceased, was struck by a bullet which passed through the lobule of the left ear and entered the left side of the head, from the effects of which wound he died that night.

At the time he was shot, Roll was a policeman of the City of Springfield, actively engaged in the performance of his duty trying to quell the disturbance.

It is contended by appellant that to render one liable in tort for the act of another alleged to have been his servant, it is necessary to show that the tort-feasor was defendant's servant; that the relation existed at the time of the injury and with respect to the particular transaction from which the tort arose; that the mere fact that a policeman is commissioned at the request of a railroad company for guarding its property, and paid by it, does not render the company responsible for all his doings; that the acts of such officer will be presumed to have been performed in his capacity as such officer until such presumption is overcome by evidence, and that as the evidence tends to show that the person shooting from the car at the time in question was a deputy sheriff, appellant is not liable for his acts and that for that reason the judgment should be reversed.

We are of the opinion that appellant's contention as to the law as above stated is correct. The question therefore is, does the evidence in the case overcome the

presumption that the shooting was done by a deputy sheriff in his official capacity and that it was done in his capacity as servant of appellant, and show that at the time of the shooting he was acting within the scope of his employment as such servant?

As generally happens in a case of this kind there is a sharp conflict in the evidence. There is evidence tending to show that prior to the time the car in question started to make the trip upon which the shooting occurred, the general manager of the company carried a tan sack, which after the shooting was found on the car, containing revolvers and ammunition; that he was in the car about five minutes, during which time he talked to the six or eight men who gathered about him on the car; that this trip was made by his specific direction after hearing of the damage done to the car on the previous trip; that the six or eight men to whom he talked on the car were employees of appellant who had been deputized as deputy sheriffs; that they were the persons who were on the car when the shooting was done and the shooting was done by some of these persons.

If the jury believed this testimony, and it is evident from their verdict that they did believe it, they were warranted in finding that, while these officers were acting in a dual capacity, they were acting in the particular instance involved in this case, not in their official capacity as guardians of the peace, but were acting as strike breakers, doing that which they evidently expected would create a breach of the peace, in the service of appellant; that their actions in the premises were in obedience to their orders and instructions and that they were acting within the scope of their employment. This question as well as the question whether deceased was shot by a shot fired by one of these persons upon the car by someone in the crowd were purely questions of fact to be determined by the jury from the evidence, and in the conflicting

state of the evidence we would not be justified in setting aside their findings.

It is contended by appellant that even if the shooting was done by appellant's servants it was done in the necessary defense of their persons and appellant's property. There is evidence tending to show that missiles were thrown by the crowd breaking the windows of the car and that shots were fired at it from the crowd before any shots were fired by the occupants of the car. If these facts were true, then appellant's servants were justified in defending themselves and appellant's property.

In the view which we take of this case, however, the question of self-defense is not a controlling one. At the time and place in question, deceased was not one of the riotous mob, neither was he an innocent bystander with no business there whose presence would help swell the crowd and give courage to the rioters. Had deceased belonged to either of these classes an entirely different question would have been involved. Deceased was a policeman of the City of Springfield, conspicuously clothed in the blue uniform and white cap of a policeman, and at the time was actively engaged in attempting to preserve order by pushing back the crowd and was in plain view of any person on the street car. The fact that out of the many persons present this conspicuous figure was the only person that was injured shows conclusively that the shot which resulted in his death was not fired in self-defense but was fired negligently with a disregard for human life.

Appellant complains of the giving of the third and fifth instructions given on behalf of appellee. While these instructions contain some defects they are not erroneous on the grounds urged by appellant in its argument. Appellant also complains of the refusal of a number of its instructions. Without going into detail, suffice it to say, that of the refused instructions

some were defective, others were not based upon the evidence in the case, while all the material propositions of those which did correctly state the law applicable to the case were embodied in other instructions.

When an attorney tenders to the court many lengthy instructions, many of them containing the same propositions of law couched in different language, he cannot be heard to complain if the court, in the necessarily hurried examination of them, does not select the instruction which states the law most clearly or most favorably to the party asking them, provided all the material propositions asked to be given are contained in the given instructions. *Paden v. Rockford Palace Furniture Co.*, 220 Ill. App. 534.

The instructions given clearly and fully set forth the law applicable to appellant's defenses and there was no error in the refusal of instructions.

The judgment is affirmed.

*Affirmed.*