**W. W. Thayer, Plaintiff in Error, v. Adam H. Bolender, Defendant in Error.**

**Gen. No. 7,876.**

Opinion filed August 28, 1928.

ROY F. HALL and J. E. GOEMBEL, for plaintiff in error.

WILLIAM L. PIERCE, for defendant in error.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

This is a suit instituted by W. W. Thayer against Adam H. Bolender to recover upon six promissory notes executed by Bolender and payable to Thayer. On the trial the notes were numbered as plaintiff's exhibits 1 to 6 inclusive, and are referred to by their exhibit numbers in this opinion. Four indorsements of credits appear on the back of each note and all of them are admitted to be in the handwriting of the plaintiff.

The defendant pleaded the general issue and the statute of limitations. With his pleas he filed an affidavit of defense and a notice of special defenses under the general issue. The court refused to admit exhibits 3, 4 and 6 and excluded all evidence relating to them. It admitted in evidence exhibits 1, 2, and 5, but at the conclusion of all the evidence, the court excluded the evidence relating to the said admitted exhibits 1, 2 and 5 and instructed the jury to find the issues for the defendant. Judgment was entered on the directed verdict.

The defendant executed the notes on their respective dates for money he owed the plaintiff. He testified that he afterwards renewed them; that on April 21, 1914, he and plaintiff had an accounting in which the renewal notes were fully settled and that he never made a payment on them thereafter. He introduced in evidence a receipt of that date for $83.47, which recites that it is in full of all demands to date including accounts and notes, except a due bill for merchandise of $79.50.

The plaintiff testified that these notes were not included in the settlement; that he did not have possession of them at that time as they had been delivered to his father as collateral security for an indebtedness, $1,500 of which was the obligation of the defendant; and that the defendant made payments on the notes thereafter and made no claim that they had been settled. Under the evidence, it was for the jury to determine whether or not the notes had been paid off and settled.

According to the testimony of the plaintiff, the payments made on exhibits 1, 2 and 5 were made within 10 years after their respective due dates. It was therefore a question for the jury to determine whether or not the payments indorsed on the notes had been, in fact, made at the time shown by the indorsements and so as to remove the bar of the statute of limitations.

On a motion to direct a verdict the most favorable evidence for the party against whom the motion is made must be accepted as true and must be given the most favorable interpretation which it will bear. (*Walldren Express & Van Co. v. Krug,* 291 Ill. 472.) In passing upon such a motion the court cannot weigh the evidence but is required to view it in the light most favorable to the adverse party and to resolve all questions of fact in his favor. (*Campbell v. Chicago, R. I. & P. R. Co.,* 243 Ill. 620; *Math v. Chicago City R. Co.,* 243 Ill. 114.) As to exhibits 1, 2 and 5 the court erred in excluding them from the consideration of the jury and in directing a verdict against plaintiff.

The indorsements on exhibits 3, 4 and 6 purport to show payments made more than 10 years after the statute of limitations had begun to run, and the defendant claims that payments made at such times did not remove the bar of the statute. According to the testimony of the plaintiff, the first payments on each of said notes were made to him personally by defendant on the dates of the respective indorsements. His testimony with respect to the other payments is that he was owing a note for $1,500 to the Manufacturers' National Bank which he was unable to pay; that he asked the defendant to pay him so that he could settle this indebtedness; that the defendant thereupon said he would pay off the plaintiff's indebtedness at the bank and the plaintiff could credit upon defendant's notes whatever payments the defendant made on the plaintiff's note at the bank; that the defendant did make certain payments on the bank note; and that the plaintiff got a list of such payments and credited them on the notes in suit in accordance with the agreement between the parties. A statement of the Manufacturers' National Bank of the Bolender-Thayer note account was admitted in evidence and the credits indorsed on the notes sued on in this case correspond with the payments made by Bolender on plaintiff's

note. This proof tends to establish the payments indorsed on said notes.

The rule of law that an indorsement on a note in the handwriting of the holder is not of itself sufficient evidence of payment to repel a defense created by the statute of limitations has no application in this case. What the trial court had to determine upon the motion for a directed verdict was, whether or not there was any evidence in the record fairly tending to support the material averments of plaintiff's declaration. We have seen that plaintiff testified that the first indorsements on the notes represented actual payments on said notes made at the times mentioned in said indorsements, and, further, that the defendant made payments on plaintiff's note at a bank with the understanding with plaintiff that such payments were to be indorsed on the notes involved in this case.

As a general rule, where a debtor owes several obligations and makes a payment, but does not direct on which obligation it shall be applied, the creditor may determine where he will apply it. (*Wellman v. Miner,* 179 Ill. 326; *Royal Colliery Co. v. Alwart Bros. Coal Co.,* 276 Ill. 193.) In the case at bar plaintiff testified that he received a payment of $11 on August 22, 1916, and defendant at that time told him he could put it on the notes. This credit was indorsed on exhibit 4. Plaintiff testified that as each payment was made, he applied it on some one of the notes of his own selection, and no payment was applied on more than one note. He applied the payments made by defendant in the bank in the same manner. Each of the six notes bears four such separate indorsements.

There is evidence in the record fairly tending to prove that the payments indorsed on the notes marked "exhibits 1, 2 and 5" were made before the statute of limitations had become a bar, and there is also evidence fairly tending to prove that payments were made on the notes marked "exhibits 3, 4 and 6" after

the statute had become a bar. If payment upon a note, made after the bar has once become effective, will release the bar and revive the obligation, the same as if it had been made before the bar became effective, then there was sufficient evidence in this case to entitle the plaintiff to a submission of the issues to the jury on all of the notes.

In *Kallenbach, Jr. v. Dickinson,* 100 Ill. 427, it is said on page 446: ''The point is made in argument that payment before the bar is complete and payment afterwards, rest upon different principles, and therefore, although on the authority of *Bell v. Morrison,* one joint contractor cannot bind another by a payment after the bar is complete, he may do so by a payment before. It is true, in *Bell v. Morrison,* and in *Van Keuren v. Parmelee,* some stress is laid upon the fact that the debt is barred, and has therefore ceased to be obligatory, etc., but in principle it can make no difference. In either case, if the running of the statute is arrested, it is because of the new promise, express or implied; and it is that new promise,—i. e., contract,—resting upon the consideration of the old debt, in either case, where the statute is pleaded, that is replied to take the case out of the statute. The same elements of contract must exist in either case.''

In *Metcalf v. Metcalf,* 219 Ill. App. 96, it is held that a partial payment on the debt made by a party originally chargeable implies a new promise by the debtor to pay the debt, and this is equally true whether the payment is before or after the bar of the statute of limitations has become complete. Under these authorities, if the payments were made as claimed, and the plaintiff was authorized to apply them, as he did, on each of the six notes, it makes no difference that some of the notes were already barred by the statute of limitations. The effect of such payments was to remove the bar. A contrary view is expressed in *Aston v. Aston,* 188 Ill. App. 12, but we regard the

expression in that case as *obiter* and we are not inclined to follow it. Plaintiff had the right to have his cause on all of the notes submitted to the jury.

He contends that, under the pleadings, the defendant should not have been permitted to rely upon the statute of limitations because the affidavit of defense does not raise that issue. The same definiteness is not required in an affidavit of defense as is required in a plea. We think the language employed in the affidavit was sufficient to apprise the plaintiff of the nature of the defendant's defense, as required by section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55, and that he would rely on the statute of limitations as a defense.

For the errors above pointed out the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*