Mrs. F. Borgmier, Appellant, v. William Wood, Appellee.

Gen. No. 7,949.

Opinion filed March 21, 1929.

SHELBY E. HOOD, for appellant.

HALL & DUSHER, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

Mrs. F. Borgmier, appellant, instituted this suit in the county court of Winnebago county against William Wood, appellee, to recover damages to her automobile, occasioned by the alleged negligence of appellee. A jury trial was had and at the close of the evidence on the part of the plaintiff the court directed a verdict for defendant. This appeal followed.

For the purposes of this opinion appellant will be called plaintiff and appellee defendant.

It is charged in the declaration that William Wood, the defendant, by his employee or agent, one Richard Dobratz, was driving an automobile truck upon and along a public highway known as State Highway 5 and that the defendant then and there negligently and carelessly ran, drove, managed, operated and controlled his said truck so that by and on account of said negligence and carelessness of the defendant the said truck of the defendant ran into and struck the automobile of the appellant.

To the declaration the defendant pleaded the general issue and a special plea denying that he was driving, operating, running or in control of the motor vehicle as charged by the plaintiff in her declaration.

It is insisted by the plaintiff that Dobratz was an employee or agent of the defendant in the control of the truck. It is the contention of the defendant that Dobratz had rented the truck from him and that it was being used in connection with the building of a hard road where Dobratz had been employed. Dobratz testified

that he rented the truck from Wood and agreed to pay him for its use one-half of the net profits realized in his work.

The directing of the verdict at the close of the evidence on the part of plaintiff is the principal point involved in this proceeding.

The question is whether or not Dobratz, who was driving the truck which caused the damage to the automobile of the plaintiff, was the agent or servant of the defendant?

The evidence shows that while the defendant was the owner of the truck, he had rented it to Dobratz, and that Dobratz, at the time of the accident, was the bailee of the truck for hire. The bailment contract, which the defendant had with Dobratz, was that Dobratz would use the truck, keep it in repair, keep account of the expenses of operation and repair, and would pay the defendant, as rent for the use of the truck, one-half of the net proceeds received from the construction company, by whom he was employed; that Dobratz, when returning from Rockford to his work at Mt. Carroll, with the truck, after the body had been repaired, was within the terms of his bailment contract.

The contract concerning the work for the construction company was made by Dobratz; the work with the truck was done by Dobratz, individually, and payment for this work was made to Dobratz, himself. The defendant had nothing to do with procuring the employment, with the care and upkeep of the truck, or with repairs to be made thereon. The defendant had no control or authority over Dobratz concerning the work Dobratz was doing for the construction company.

The authorities cited by the plaintiff cannot apply under the facts in this cause. The cases relied upon by her are to the effect that where the plaintiff proves that the defendant is the owner of the truck, which

caused the damage, that is sufficient to make a prima facie case.

On the trial the plaintiff proved that the defendant was the owner of the truck; she also proved that while the defendant was the owner of the truck, he had rented it to Dobratz, and that Dobratz, at the time of the collision complained of, was bailee of the truck for hire.

To render one liable in tort for the action of another, alleged to have been his servant, it is necessary to show that the tort-feasor was, in fact, the defendant's servant; that the relation existed at the time of the injury, and with respect to the particular transaction from which the tort arose. *Roll v. Springfield Consol. Ry. Co.,* 225 Ill. App. 411–416.

One cannot be held liable as master under the doctrine of *respondeat superior,* who does not have the power of discharging the party whose negligent act caused the injury. *Connolly v. People's Gas Light & Coke Co.,* 260 Ill. 162–166; *Harding· v. St. Louis Nat. Stock Yards,* 242 Ill. 444–450.

The owner of a motor vehicle, who rents it to a bailee, is not responsible to a third person for its negligent use by the bailee, where the bailee is given the sole custody and control of the car. *City of Rockford v. Nolan,* 316 Ill. 60–66; *Mansfield v. Shapiro,* 234 Ill. App. 596–603.

It is complained by plaintiff that the court erred in refusing to admit certain testimony that was offered by her. There were some questions we think the court should have permitted to have been answered, but the general ruling of the court in the admissibility of testimony was correct.

The principal complaint arises from the court's having sustained a number of objections to questions propounded to Dobratz by the plaintiff.

We have examined the record, and it shows that the

witness was put upon the stand by the plaintiff, and her counsel proceeded to cross-examine him, to lay the foundation for impeachment. This, of course, he could not be permitted to do with his own witness.

The ruling of the court on the question of the costs of repairs was erroneous, but it was correct in not limiting the plaintiff to show the difference in the value of the car before the injury and after its repair. The measure of damages where an automobile can be reasonably repaired is the cost of such repairs, and if the automobile, after it is repaired, is not in as good condition as it was prior to the time of its being injured and damaged, then the plaintiff, as we understand the rule, may show the difference in value before the injury and after the repairs were made. *Koch v. Pearson,* 219 Ill. App. 468–471; *McNamara v. Melson,* 237 Ill. App. 279–283.

But regardless of any error there may be in this record bearing upon the question of damages, the plaintiff is not entitled to a reversal of the judgment, if the court was right in directing a verdict.

We are of the opinion the court did not err in directing a verdict because no recovery could be had against Wood, the defendant.

The judgment of the county court of Winnebago county is affirmed.

*Judgment affirmed.*