John J. Post, Appellee, v. William Hightower,
Appellant.

Opinion filed June 4, 1931.

BARNABAS F. SEARS, for appellant; McGLYNN & Mc-GLYNN, of counsel.

HAROLD J. BANDY and PHILIP G. LISTEMAN, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The appellee, herein named plaintiff, secured a verdict against the appellant, herein named defendant, in an action on the case wherein the declaration alleges that the defendant, "by and through his agent and servant," negligently drove his automobile against the plaintiff, causing personal injuries to the plaintiff. To the declaration the defendant filed the plea of the general issue and a plea denying that, at the time in question, the defendant was operating his automobile by and through his agent and servant. The trial court overruled the defendant's motions for a directed verdict. The sole ground of error urged by the defendant is the overruling of his motion made at the close of all of the evidence in the case.

To sustain his contention the defendant argues two propositions: (a) There is no evidence in the record fairly tending to sustain the allegation of the declaration that the driver of the defendant's automobile was the agent or servant of the defendant; (b) The evidence clearly shows that the relation between the driver of the defendant's automobile and the defendant was that of bailor and bailee, and the defendant is not liable for the negligent acts of his bailee.

The plaintiff controverts both of these propositions and contends that as the evidence proves defendant's ownership of the automobile when the accident happened, that there is a presumption equivalent to a prima facie case, that the driver of the automobile was the agent of the defendant and acting within the

scope of his employment at the time the accident occurred.

On motion to direct a verdict, the rights of the person making the motion must be determined as they existed when the motion was made. Neither the trial court, nor this court on review, can weigh the evidence, but the evidence is to be viewed in the light, including all legitimate inferences that may be drawn therefrom, most favorable to the adverse party. It is the duty of the court to determine, under this rule, whether or not there is any evidence in the record fairly tending to prove the allegations of the declaration. (*Condon v. Schoenfeld,* 214 Ill. 226; *Thayer v. Bolender,* 250 Ill. App. 16; *Hansell-Elcock Foundry Co. v. Clark,* 214 Ill. 399.) The motion raises "a naked legal question whether or not there is any evidence in the record fairly tending to support the plaintiff's cause of action." (*Chicago City Ry. Co. v. Martensen,* 198 Ill. 511, 512.) If there is a failure to prove a necessary element of the plaintiff's case, by the plaintiff to be proved, the motion must be sustained. (*Nelson v. Stutz Chicago Factory Branch,* 341 Ill. 387.)

In the case of *Nelson v. Stutz Chicago Factory Branch* (*supra*), and *White v. Seitz,* 342 Ill. 266, the Supreme Court held that the liability of the owner of an automobile when negligently driven by another person rests upon the relationship of principal and agent, or master and servant, existing between the owner and the driver who must be acting within the scope of his authority as such agent or servant at the time of the accident caused by the driver's negligent driving. If the proof in the record fails to establish the necessary element of the agency of the driver of the automobile, acting within the scope of his employment, the case must fail, as is decided and clearly pointed out in the *Nelson* case (*supra*).

This accident occurred on May 25, 1929. The plaintiff was on a public highway, which extends easterly

from East St. Louis toward Collinsville, when he was struck by the automobile of the defendant as it was being driven by one Rogier in the direction of Collinsville. The only evidence bearing on the question of the relationship of agency existing between the defendant and the driver of the automobile is the testimony of the defendant who was called as a witness by the plaintiff. The defendant testified that on the above date he was the owner of two automobiles, one of which, it is conceded, was driven against the plaintiff, causing injuries of which he complains. The testimony of the defendant further shows that he lived in ·Collinsville and had the exclusive right to sell in the county of Madison the goods of the Purity Products Co., which in turn he sold to various persons who dispose of them only in defendant's territory. The defendant would so sell goods to anyone who wished to handle them in the restricted district.

Some months before May 25, 1929, Rogier applied to the defendant to sell and distribute the products of the Purity Products Co. Permission was granted upon the condition that Rogier buy the goods of the defendant. The defendant testified that by the term "distribute" he meant all sales to Rogier were out and out sales. Being plaintiff's witness, his testimony must be accepted as true and we are not called· upon to pass on or weigh the credibility of his testimony. He also testified that in each instance Rogier paid cash to the defendant for the goods before they were delivered to him. Rogier and the defendant were life-long acquaintances and the defendant permitted Rogier to use the automobile in question while selling such goods and Rogier had been so using the car for some months before the accident, and has continued to use the car since the accident the same as before. Rogier bought the gas and oil for the car, kept and maintained it, and kept it in his garage part

of the time, and upon numerous occasions it was kept in the defendant's garage.

The defendant further testified that he never paid Rogier any money for goods of the company which Rogier sold; that he had no power to discharge Rogier, but could discontinue selling goods to Rogier, in which event Rogier could not buy any such goods in Madison county; that after he sold Rogier the goods they were off his hands. The defendant did not determine the number of hours Rogier worked, had no control over Rogier's movements while selling, and did not know where Rogier would go to sell the goods, except that Rogier had to sell the goods in the defendant's territory. As he knew Rogier, and because the more goods Rogier sold the more he would buy of the defendant, he loaned the automobile to Rogier, who kept it and maintained it, and who used it for pleasure as well as for business purposes.

The evidence shows further that the defendant had general supervision of the sales of the products of the Purity Products Co. in Madison county; that Rogier had been in Granite City on the day of the accident selling the goods so purchased from the defendant; that defendant could quit selling products to Rogier if his services were unsatisfactory to the defendant.

We think the undisputed evidence in the record shows that the relation of bailor and bailee existed between the defendant and Rogier, and that, confronted by the undisputed facts proved by the evidence, the inference cannot be legitimately drawn that because the defendant had the supervision of the sales in Madison county and made a profit from his sales to Rogier, and that Rogier on the day of the accident had been in Granite City selling such products, that therefore he was the agent or servant of the defendant, and that at the time of the accident he was acting within the scope of his employment as the agent or servant

of the defendant. The cases of *Allen v. Coglizer* (Mo. App.), 208 S. W. 102; *Borgmier v. Wood,* 252 Ill. App. 194; *Rockford v. Nolan,* 316 Ill. 60, are all similar to this case and hold that a bailor is not liable for the negligent acts of his bailee.

The clerk will incorporate in the judgment of the court a finding of fact of this court as follows: The uncontradicted evidence in the case establishes the fact that the relation of bailor and bailee existed between the defendant in the case and the driver of the automobile driven against the plaintiff. The judgment of the circuit court of Madison county is reversed.

*Reversed.*