Dewey Savage, Plaintiff-Appellant, v. Norman Blancett and Skelly Oil Company, a Corporation, Defendants-Appellees.

Gen. No. 10,500.

Fourth District.

April 27, 1964.

Greanias & Owen, of Decatur, for appellant.

LeForgee, Samuels, Miller, Schroeder & Jackson, all of Decatur (Carl R. Miller, Jerald E. Jackson and Robert W. Ohlsen, of counsel), for appellees.

SMITH, J.

In this case, plaintiff sought damages for injuries resulting from the alleged negligent operation of defendants' truck in striking plaintiff's car from the rear. A jury trial resulted in a verdict for the defendants. On post-trial motion, the trial court first granted plaintiff's motion for new trial and denied his motion for judgment notwithstanding the verdict. The trial court granted defendants' motion for rehearing, vacated the order granting a new trial, denied the motion for new trial and entered judgment for the defendants on the jury verdict. From these determinations, plaintiff appeals.

Plaintiff, alone in his car, was stopped at the last car in a line of traffic on Fairview Avenue in Decatur about 125 feet north of its intersection with Eldorado Street. Defendant Blancett was driving a three-ton bulk-gas truck of the defendant Skelly Oil Company and had stopped for a red light at the Eldorado intersection. He then saw that the traffic ahead of him was stopped. When the light changed, he started in low gear, shifted to second, reached a speed of about 25 miles per hour and then hit his brakes about 20 to 25 feet from the plaintiff. When he hit the brakes, they went to the floor and his truck struck plaintiff's car in the rear propelling it into the rear of the car ahead, which, in turn, struck the car ahead of it. Blancett testified that he had tried the brakes that morning, that they were good and that they had worked up until the time of the collision. Defendants introduced evidence that Skelly drivers made monthly reports on the condition of their trucks, that safety inspections were made every six months, and that after the accident the only repair to the truck was an inch to an inch and one-half rupture in one front wheel brake hose.

It is first contended by the plaintiff that the trial court should have directed a verdict in favor of the plaintiff as a matter of law and submitted the case to the jury on the question of damages alone. Defendants filed a special defense asserting that the collision was an unavoidable accident occasioned solely by a latent defect in the brakes without prior knowledge thereof to the defendants and that such latent defect was not discoverable through reasonable inspection. Plaintiff filed no motion attacking this special defense, but instead denied the facts and denied that they constituted a defense to plaintiff's cause of action. Plaintiff's theory is that Ill Rev Stats (1963) c 95½, § 211 prescribing "brake equipment required" on motor vehicles and prescribing minimum standards

for "performance ability of brakes" . . . and providing that they "shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle" is a legislative determination that a total brake failure is negligence per se. To repudiate this theory, it is said, entitles the operator of a vehicle with defective brakes to one free injury to others and, even though technically without fault, is to shift the loss and injury to the absolutely innocent party.

To so hold is to repudiate the philosophy long established in this State that violations of the Motor Vehicle Act are only factors to be considered in determining negligence on the part of a motor vehicle operator and are not negligence as a matter of law, Smith v. Ohio Oil Co., 10 Ill App2d 67, 134 NE2d 526. It ignores completely the question of knowledge of such an operator of such defect and whether or not the operator acted as a reasonably prudent person in meeting his statutory obligation to maintain his brakes in good repair. In Shulman v. Chrysler Corp., 31 Ill App2d 168, 175 NE2d 590, the defendant was charged with negligence in failing to apply her brakes in time. She filed a third party complaint, against the manufacturer of the automobile for indemnification based upon the negligent manufacture of the brakes. The court held that the action would not lie, that if she failed to apply the brakes in time, she was guilty of active negligence and could not be indemnified and, that if she applied the brakes and the brakes failed, she could not be indemnified because she would not be negligent and thus not liable to the plaintiff. The Court said at page 171:

> "It is equally clear from the face of the amended complaint that if . . . she was free from negligence and the accident occurred as a result of a defect in the braking mechanism of which she

358

had no knowledge, Halligan would be unable to recover damages from her."

In McDermott v. McKeown Transportation Co., 263 Ill App 325, the Court in referring to the liability of the defendant, said:

"It would not be liable even if the rear light was not lit at the time of the accident if the jury believed from the evidence that such failure was occasioned without negligence on defendants' part."

■ To hold as the plaintiff requests is to hold as a matter of law that the owner or operator of a motor vehicle is the guarantor of the mechanical integrity of his vehicle at all times. To so hold makes him an insurer as to latent defects. To so hold is to father a liability for latent defects in automobiles foreign and wholly adverse to the philosophy of our law heretofore pursued in the field of latent defects in this and other areas. We see no compelling reasons for us to embark upon such an excursion into a hitherto unexplored legalistic stratosphere. The trial court did not err in denying plaintiff's motion for a directed verdict on the question of liability.

Plaintiff also assigns as error the admission of testimony by the automotive supervisor of Skelly Oil Company that it was the policy of that company to have visual inspection of every truck every thirty days and a monthly report to its condition by the drivers in writing. He further testified that they have a traveling inspector who inspected and drove each vehicle every six months. The local manager testified likewise and that the drivers' reports were kept in the ordinary course of business. No objection was made to this testimony and it is fundamental that there is no ruling of the trial court before us for review, People v. Trefonas, 9 Ill2d 92, 163 NE2d 817.

359

The local manager also identified defendants' exhibits 1 and 4—the drivers' monthly report. These reports indicated that the conditions of the brakes were good. Plaintiff objected to these exhibits on the grounds of materiality. The trial court excluded exhibit 1 and admitted exhibit 4. In our judgment no error was thus committed. Admittedly this exhibit is not admissible or material as proof of the condition of the brakes at the time of the accident. It is material in evaluating the conduct of the defendants as to their care in ascertaining the existence of the latent defect. In addition, we fail to see where it is prejudicial to the plaintiff where the undisputed testimony is that the brakes failed and the oil hose was ruptured after the accident.

Plaintiff assigns as error the giving of Defendants' Instruction No. 2 as follows:

"If you find that the brakes on the truck driven by the defendant Norman Blancett and owned by the defendant Skelly Oil Company were defective, and by reason thereof Norman Blancett was unable to stop the truck or reduce the speed in time to prevent the collision, and provided further that the defendant, Skelly Oil Company, or its employees, did not know of such defective condition of the brakes, and by the exercise of ordinary care could not have found it out, then you are instructed that the plaintiff is not entitled to recover for injuries proximately caused by reason of any such defective condition of the brakes, provided you find the defendants were not negligent in any other respect."

Plaintiff levels many criticisms at this instruction and sets them out in detail in his post-trial motion. The conference on instructions practice has now jelled to the somewhat cold, but concise statement that

"Counsel must preserve the specific objections in the conference, on post-trial motion and in the record." Greenlee v. John G. Shedd Aquarium, 31 Ill App2d 402, 176 NE2d 684. They come too late when first made either in post-trial motion or on appeal. Saunders v. Schultz, 20 Ill2d 301, 170 NE2d 163; Smelcer v. Sanders, 39 Ill App2d 164, 188 NE2d 391. So limited we may consider only the complaint that, the instruction is not in I.P.I.; there is no evidence to support its giving; and it is a single issue instruction. The objection that the instruction is not in I.P.I. is without merit. Supreme Court Rule 25–1 specifically authorizes an instruction, where I.P.I. has none on the subject; that is, "simple, brief, impartial, and free from argument." Ill Rev Stats c 110, § 101.25–1. There was ample evidence to support this instruction had it been limited to the foot brakes. The manager of the garage and his service manager where this truck was serviced, testified at length to the nature of these brakes; that five months before the accident the truck had passed the safety inspection; that each wheel and brake was tested with mechanical gauges; that very seldom will a sudden application of the brakes cause a rupture; and that they made these tests every six months. This testimony, coupled with the testimony previously referred to, warranted the giving of this instruction had it been limited to the foot brakes. So limited it would have precisely and concisely instructed the jury as to the latent defect defense which was restricted by the evidence to the foot brakes only. It should have been so limited.

It is true that this was a single issue instruction. It undertook to define the law as to latent defects in brakes. A special defense is necessarily a single issue instruction. This type of instruction was approved in Cobb v. Marshall Field & Co., 22 Ill App2d 143, 159 NE2d 520, where the overloading of an elevator

was one issue, and in Haggatt v. Melin, 29 Ill App2d 23, 172 NE2d 389, where there was an Act of God defense. We necessarily conclude that the objection that this is a single issue instruction is not well taken.

We are further of the opinion that this instruction is too weak, anemic and lukewarm to correctly define the obligation of the defendant under the evidence in this case. That obligation is defined in Hassell v. Colletti (La App), 12 So2d 31 at page 32 as follows:

> "While the doctrine of latent defects in automobiles has been recognized as a valid defense by the courts in actions of this kind, it is manifest that the proof submitted by the alleged tort-feasor must be of a most convincing nature. In fact, we think that the evidence should be such as to exclude any other reasonable hypothesis in respect to the cause of the accident except that (it) resulted solely from the alleged defect."

To comply with this rule the instruction should have informed the jury that the defendant must prove by the preponderance of the evidence the following necessary elements: (a) that the hand brake was defective; (b) that such defect was unknown to the defendants; (c) that by the exercise of ordinary care on the part of the defendants, the defect could not have been discovered and (d) that the accident in question was solely and proximately caused by the failure of the hand brakes. To properly constitute a defense in this case and to exculpate the defendants from liability, we deem it necessary that the jury find from the evidence that "but for" the defective hand brakes, the accident would not have happened. Defendants' No. 2 does not delineate this defense with the precision and the accuracy that the law requires, and it was error to give it in the instant case.

Plaintiff next assigns as error the refusal of the trial court to give his instruction No. 15. An ob-

jection that this instruction was not applicable was sustained. In our view of this case, this was error. The instruction so refused reads as follows:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

(a) Brake equipment required.

1. Every motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brake, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels.

(b) Performance ability of brakes.

1. The service brakes upon any motor vehicle or combination of vehicles operating on a level surface shall be adequate to stop such vehicle or vehicles when traveling 20 miles per hour within a distance of 30 feet when upon dry asphalt or concrete pavement surface free from loose material.

"If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not that party was negligent before and at the time of the occurrence."

This instruction sets forth the statutory duty of a motor vehicle operator concerning the "brake equip-

ment required" and the "performance ability of the brakes." In justifying the refusal of this instruction defendants suggest that, absent the unexpected failure, the brakes complied with the statute both as to the "equipment required" and as to "performance ability." Hence, no instruction was necessary. We cannot agree with this view. We think it clear that the statutory duty of a motor vehicle operator should have been stated to the jury. The latent defect defense then pleaded facts, which, if believed by the jury, would exculpate the defendant from compliance with that duty so far as it related to the foot brakes. Precise formulation of precise triable issues required that the jury be accurately instructed as to the statutory duties of the defendants and to those ultimate facts which would excuse liability for violation of those duties, if the jury found by a preponderance of the evidence that those ultimate facts existed.

█ Plaintiff next assigns as error the refusal of the trial court to give its instruction No. 14 that it is a violation of the statute to follow too closely. An objection to this instruction that it was not applicable was sustained. The defendant driver testified that, traffic ahead was 125–150 feet from the intersection; he hit his brakes 20–25 feet back of the traffic; and that "up until then I observed that traffic was already stopped. I observed that even before I crossed the intersection. And yet, I state I went through that intersection." Under these circumstances, we do not feel that it was error to refuse this instruction.

In People v. Stringfield, 37 Ill App2d 344, 185 NE 2d 381, the court held that the evidence did not support a conviction for violation of a city ordinance which prohibited following another vehicle more closely than is reasonable and prudent. In that case the only testimony indicated that the defendant was about 100 feet behind the other automobile when he

364

saw that it was stopped. The court said, "Just because he ran into the car ahead is not proof that he was following the car too closely." The collision, it said, may have been due to driving while intoxicated, to other negligence or to faulty brakes. So here, the collision was not due to following too closely.

To hold its refusal was error in this case, where the latent defect is a total want of foot brakes is to go far beyond the conduct of the reasonably prudent man. It would impose a duty upon every driver to follow traffic with the knowledge that his brakes might or could fail and that he must stay far enough behind to use his emergency brake in such an event. Common knowledge defies the practicability of such a rule. The instruction should be given and should require a driver to know the performance ability of his vehicle when functioning normally, or the performance ability of his vehicle if he knows it is not functioning normally. The accident may well have been due to the failure to use the hand brake, to the failure to turn aside to avoid the collision or to the choice the driver said he made of striking the car instead of a wayside utility pole. These are appropriately jury questions. Where the defendant himself was at a standstill 125 feet from the scene of the accident and at that time observed plaintiff's car at a standstill, there is no evidentiary basis for an instruction on following too closely.

■ The determination of cases involving latent defects and rear-end collisions predominately present questions of fact for jury resolution. Johnson v. Coey, 237 Ill 88, 86 NE 678; Ferdinand v. Lindgren, 32 Ill App2d 133, 177 NE2d 10; Grielli v. Krares, 145 So2d 900 (Fla 1962); Alarid v. Vaniet, 50 Cal2d 617, 327 P2d 897. Such determination should not be lightly disturbed by either trial or appellate tribunals. Kahn v. James Burton Co., 5 Ill2d 615, 126 NE2d 836. These

rules presuppose that the trial court has with precision defined the rules for the guidance of the jury. While few, if any trials, are wholly immaculate and not all errors require either a new trial or a reversal, "where error is shown to exist, it will compel reversal, unless the record affirmatively shows that the error was not prejudicial." Duffy v. Cortesi, 2 Ill2d 511, 517, 119 NE2d 241. In the case at bar we have a plaintiff wholly free from any fault.

We have conduct of the defendants where reasonable minds might well disagree as to what, if any, negligence was the proximate cause of the accident. It is thus abundantly important that the jury be precisely and accurately instructed. It seems clear to us that the refusal of plaintiff's No. 15 and the giving of defendants' No. 2 were each error. We cannot say that they were inconsequential nor that the record affirmatively shows that they had no effect on the verdict of the jury. Accordingly, this cause must be and is reversed and remanded for new trial.

Reversed and remanded.

CROW, P. J. and SPIVEY, J., concur.