Henry F. Truemper *et al.*, Plaintiffs-Appellants, *v.* Jimmy C. Bowman, Defendant-Appellee.

(No. 72-224;

Second District—February 21, 1974.

William E. Ray, of Jurco & Collins, of Chicago, for appellants.

John P. Callahan, of Kirkland, Brady, McQueen, Martin & Callahan, of Elgin, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiffs, Henry F. Truemper and Beatrice V. Truemper, sued for injuries allegedly suffered when their automobile was struck in the rear while stopped at a traffic light by a vehicle driven by the defendant, Jimmy C. Bowman. Plaintiffs appeal from the judgment entered on the verdict of the jury finding defendant not guilty of negligence and from the order denying their post-trial motions.

Plaintiffs contend that the verdict of the jury was against the manifest weight of the evidence; and that various trial errors and an improper instruction to the jury deprived them of a fair trial.

The collision occurred on the afternoon of July 18, 1969. There were no unusual weather conditions and the pavement was dry. Plaintiffs' car had stopped facing east behind four or five cars at a red light at the intersection of Galena Street and Edgelawn in Aurora.

Defendant testified that he had turned out of the driveway of a medical clinic and headed east on Galena. He saw the plaintiffs' car when he was 120 to 125 feet behind it. He was going 20 miles per hour when he first saw the brake light of the Truemper car go on. He took his foot off the accelerator and started applying the brake pedal. However, the engine continued to speed up, so that the vehicle kept going at approximately 20 miles per hour although defendant kept his foot on the brake pedal until the collision.

After the collision when the police arrived defendant moved the car and again the engine speeded up. He opened the hood and found a loose cable midway between the carburetor and the fire wall of the car, which he said caused the return spring on the accelerator to lose its tension. Defendant testified that when he tightened the loose cable the car operated properly. He said that the problem had never occurred prior to the accident.

Plaintiffs' principal contention is that the verdict was against the manifest weight of the evidence. Plaintiffs argue that while sudden mechanical failure is ordinarily a question of fact for the jury (*Watkins v. Lewis* (1968), 96 Ill.App.2d 182, 186), the defense was not here supported by convincing evidence that the accident happened solely from the alleged defect.

Plaintiffs urge that the defendant's claim of sudden mechanical failure due to a latent defect in the equipment of the car does not become a factual question for the jury unless the proof of the defense excludes any reasonable hypothesis that the accident happened from a cause other than the alleged defect. They argue in this regard that there is no proof of sudden mechanical failure of the brakes; and that it is a reasonable hypothesis that the accident was caused by inadequate brakes rather than the alleged defect in the accelerator. They argue that the conclusion is inescapable from the record that defendant's braking power failed to meet legal standards which require that brakes be adequate to stop a vehicle traveling 20 miles per hour on dry pavement within a distance of 30 feet. (Ill. Rev. Stat. 1969, ch. 95½, par. 211(b)(1).) Plaintiffs cite *Savage v. Blancett* (1964), 47 Ill.App.2d 355, 362, as authority for the conclusion that defendant failed to meet its burden of proof to establish the defense of sudden mechanical failure.

In *Savage v. Blancett,* however, reversible error was predicated on the court's failure to give a tendered instruction detailing the elements required to prove a latent defect in the car's brakes, coupled with failure to state statutory duties in regard to the performance of braking equipment. (See *Martin v. Kralis Poultry Co.* (1973), 12 Ill.App.3d 453, 464.) *Blancett* is authority for the rule that a party is entitled to have the jury instructed on a theory of the case which is supported by the evidence. (*Trowbridge v. Chicago & Illinois Midland Ry. Co.* (1970), 131 Ill.App. 2d 707, 709; *Heiser v. Chastain* (1972), 6 Ill.App.3d 552, 556.) However, *Blancett* is not helpful to plaintiffs under the circumstances of this case.

Here, an instruction was given as to the statutory duty with reference to brakes, but no instruction was tendered as to the legal issues involved in the doctrine of sudden failure due to the brakes or the latent defect in the accelerator equipment as to which the defendant specifically testified. As in *McKinsey v. Morrissey* (1973), 12 Ill.App.3d 156, 157-8, the parties were content to permit the jury to consider the evidence without instruction as to the defense of latent defect in determining whether defendant was negligent; and plaintiffs may not now rely on this assignment of error. The jury could judge the credibility of defendant's explanation and claim that he had no prior knowledge of the defect. On this evidence, it could well have concluded that even with adequate brakes defendant was not guilty of negligence because of a sudden mechanical failure involving the cable connection between the accelerator pedal and the carburetor.

■■ The mere occurrence of an accident does not of itself raise any presumption of negligence on the part of a defendant. (*Moss v. Wagner* (1963), 27 Ill.2d 551, 555. See also *Ferdinand v. Lindgren* (1961), 32

Ill.App.2d 133, 140.) Rear-end collision cases involving the defense of latent mechanical defects predominantly present questions of fact for the jury to resolve. *Savage v. Blancett* (1964), 47 Ill.App.2d 355, 365. See also *Watkins v. Lewis* (1968), 96 Ill.App.2d 182, 186.

■■ In light of the evidence, defendant's negligence, if any, depended on whether he approached plaintiffs' vehicle at an unreasonable rate of speed; whether he followed too closely; whether he failed to keep a proper lookout; whether he failed to have adequate brakes required by the statute; or whether the collision was caused by none of these factors but by a sudden mechanical failure with defendant having no previous knowledge of the defect. All of these were questions of fact which the jury could properly resolve. ( *Johnson v. Coey* (1908), 237 Ill. 88, 91-92.) We therefore hold that the evidence of the latent defect in the accelerator was sufficient to establish a defense to the claim of negligence and that the jury verdict was not against the manifest weight of the evidence.

Plaintiffs also contend that the jury was erroneously instructed that defendant was negligent only if he violated a provision of the Motor Vehicle Act. Specifically, they argue that the court erred in refusing their tendered issues instruction which included the phrase that plaintiffs claim that defendant was negligent in the operation of his automobile * * * *"in view of the conditions then prevailing"*.

■■ We note that the court instructed the jury on the issues made by the amended pleadings which alleged that defendant was negligent in failing to keep a proper lookout and following too closely. The court used the general form set forth in I.P.I. Civil No. 20.01 (1971 ed.). The rule applicable to issues instructions is that the court should inform the jury in a clear and concise manner of the issues raised by the pleadings. This is accomplished by a summary of the pleadings succinctly stated without repetition and without undue emphasis. *Signa v. Alluri* (1953), 351 Ill.App.11, 20.

The fact that the excised language was not a specific allegation of the violation of any duty specified in the complaint is not by itself dispositive of the issue. There were allegations in the complaint that defendant "at said time and place, negligently and carelessly collided with plaintiff". We note, however, that the court gave an instruction detailing the duty of a driver to exercise ordinary care at all times to avoid placing himself or others in danger (I.P.I. Civil No. 70.01 (1971 ed.)) and to exercise ordinary care at all times to avoid a collision. The court also gave an instruction defining the term "ordinary care". I.P.I. Civil No. 10.02 (1971 ed.).

■■ We conclude that inclusion of the phrase that defendant was negli-

gent in the operation of his automobile "under the conditions then prevailing" would not have added any information to the jury beyond the instructions given. Nor did the absence of the phrase in question have the effect of limiting the issues to the violations of the Motor Vehicle Act as plaintiffs claimed. All of the laws pertinent to the issues in the case need not be stated in a single instruction. (*American National Bank & Trust Co. v. Peoples Gas, Light, and Coke Co.* (1963), 42 Ill.App.2d 163, 180.) The refusal of the instruction was harmless error if error at all. See *McDaniels v. Terminal Railroad Ass'n* (1939), 302 Ill.App. 332, 351; *Sherman v. City of Springfield* (1969), 111 Ill.App.2d 391, 409-410; *Norton v. Cook* (1957), 14 Ill.App.2d 390, 399-400.

Plaintiffs next argue that improper and prejudicial comments by defendant's counsel in closing argument, all made without objection, deprived them of a fair trial. We do not agree.

The comments complained of included statements that the court would instruct that plaintiffs were claiming only that defendant failed to keep a proper lookout and that he followed too closely. Counsel also pointed out that plaintiffs did not sue the manufacturer of defendant's car in light of the claimed mechanical failure; and such comment was not based on any evidence in the record (*cf. Gatto v. Curtis* (1972), 6 Ill.App.3d 714, 735). The jury was told to "put yourself in the driver's seat" (*cf. Copeland v. Johnson* (1965), 63 Ill.App.2d 361, 367). Plaintiffs also claim that defendant's counsel made allegedly inflammatory remarks concerning Mr. Truemper's occupation; derogated the claims that plaintiffs had incurred certain expenses; and generally argued in "accusatory and derogatory tone of voice" while misstating the evidence.

Plaintiffs further contend that it would have been futile to object because the court clearly indicated that only the issues of following too closely or failing to keep a proper lookout would be considered by the jury.

Plaintiffs cite *Osborne v. Leonard* (1968), 99 Ill.App.2d 391, *Owen v. Willett Truck Leasing Corp.* (1965), 61 Ill.App.2d 395, 402, and *McWethy v. Lee* (1971), 1 Ill.App.3d 80, in support of the argument that it was the court's duty even without objection to correct the conduct and argument of counsel, but these authorities are completely inapplicable to the argument in this record.

We find that plaintiffs' contention is neither supported by the record nor persuasive. It is significant that plaintiffs' counsel did not make a single objection to the argument as to which he now complains. No conference outside the presence of the jury was requested. No motion for a mistrial was raised, and the issue of improper argument was raised for the first time during the post-trial motion.

■■ We conclude that in the context of the arguments of the respective counsels any error resulting from portions of defendant's argument which exceeded the bounds of proper comment on the evidence was waived by plaintiffs' failure to object at the time. The refusal of the trial court to grant plaintiffs' motion for a new trial for improper argument of counsel was within the proper exercise of its discretion since the arguments did not deprive plaintiffs of a fair trial. See *Bruske v. Arnold* (1969), 44 Ill.2d 132, 137-138; *Copeland v. Johnson* (1965), 63 Ill.App.2d 361, 368; *Franks v. North Shore Farms, Inc.* (1969), 115 Ill. App.2d 57, 75-76; *Smith v. Illinois Valley Ice Cream Co.* (1959), 20 Ill.App.2d 312, 331.

■■ Plaintiffs have also urged that the court erred by allowing cross-examination of Mrs. Truemper and her doctor and dentist concerning her prior medical history which they alleged were unrelated to this accident and injury. We find no such error. The prior condition of the part of Mrs. Truemper's body which she claims was injured in this accident was properly subject to the consideration of the jury. (*Palsir v. McCorkle* (1966), 70 Ill.App.2d 425, 430-432.) Moreover, in view of our conclusion that the judgment finding defendant not guilty of negligence must be affirmed, the issue is largely moot. *Borgmier v. Wood* (1929), 252 Ill.App. 194, 198; *Nelson v. Union Wire Rope Corp.* (1963), 39 Ill. App.2d 73, 109, *rev. in part on other grounds,* 31 Ill.2d 69.

While the trial was not completely free from error, the verdict of the jury was supported by the evidence and was not against the manifest weight of the evidence and we have concluded that there is no error which would justify a reversal in this case. See *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill.2d 69, 118.

The judgment below is therefore affirmed.

Affirmed.

GUILD and RECHENMACHER, JJ., concur.