This is a suit for damages wherein the plaintiff, Marion B. Hassell, seeks to recover from the defendant, Ross Colletti, and his liability insurance carrier, Highway Insurance Underwriters of Austin, Texas, for the personal injuries and property damage sustained by him as a consequence of an automobile accident which occurred in Jefferson Parish on November 26th, 1940, when a large freight truck and trailer owned by Colletti, and driven by his employee Henry Green, ran into the rear of plaintiff's automobile.
The facts of the case are not in dispute and are shown by the record to be as follows: Just prior to the accident, plaintiff had driven his automobile over the Huey P. Long bridge from the east bank of the Mississippi River to the west bank thereof. On reaching the foot of the descending ramp of the bridge, plaintiff brought his car to a complete stop at the entrance of a traffic circle in order to permit the passage of on-coming vehicles travelling within the circle. While he was thus positioned, the truck and trailer owned by the defendant, Colletti, and driven by Green, his employee, descended the west ramp of the bridge at a speed of 45 miles per hour and struck plaintiff's car a violent blow from the rear which caused it to lunge forward for a distance of some 60 feet before it came to rest. As a result, plaintiff sustained personal injuries and his automobile was damaged.
In spite of the foregoing facts, the defendants seek to avoid any liability in the *Page 32 
premises on the ground that the accident resulted from a sudden failure of the brakes of the truck and trailer which, they maintain, "were kept in good condition, were regularly inspected and had worked properly up to the time of the accident" and that neither Colletti nor the truck driver had reason to apprehend that the brakes would fail to hold upon their timely application by the driver. In other words, the defendants rely upon the doctrine of latent or concealed defects in the brakes of the truck and trailer and assert that, under the circumstances, the accident must be regarded as unavoidable.
After a trial in the lower court, defendants' contention was rejected and judgment was rendered in plaintiff's favor for the sum of $1,500. Wherefore, this appeal.
An examination of the record discloses that the evidence submitted by defendants in support of their plea, that the accident was solely attributable to a hidden defect in the brakes of the truck and trailer, falls far short of the type required to sustain the defense. The main witness testifying in their behalf was Henry Green, the driver of the truck and trailer. The sum and substance of his testimony is that the brakes on the trailer had been relined approximately a month and a half before the accident; that the brakes were checked every other week; that, on the day of the accident and prior thereto, they had been in perfect working condition and that, when he was descending the west ramp of the Huey P. Long bridge, they suddenly failed to respond to his timely application. If this testimony should be deemed sufficient to exonerate the defendants, it would indeed be an easy matter for any defendant in an accident of this kind to avoid the consequences of his neglect. While the doctrine of latent defects in automobiles has been recognized as a valid defense by the courts in actions of this kind, it is manifest that the proof submitted by the alleged tort-feasor must be of a most convincing nature. In fact, we think that the evidence should be such as to exclude any other reasonable hypothesis in respect to the cause of the accident except that it resulted solely from the alleged defect.
In the case at bar, the defendants do not attempt to prove the nature of the defect in the brakes or that, if a defect ever existed, it could not have been discovered and remedied by proper inspection. On the contrary, the evidence of the truck driver exhibits that Colletti failed to have his vehicle regularly inspected considering the constant and heavy use to which it was subjected. The driver stated, when questioned about its use, that the truck and trailer, at the time of the accident, was making a regular round trip from Jeanerette, La., to New Orleans, a distance of 260 miles, and that these trips were made on the average of three times per week for the purpose of transporting freight. It seems plain to us that an inspection of the truck and trailer every other week was wholly inadequate under the circumstances and that prudence demanded that a vehicle subjected to this sort of heavy duty should have been examined by a qualified mechanic at the completion of each round trip.
Aside from this, we find that Colletti violated the provisions of Act No. 21 of 1932, Title 3, Section 9 (a), which requires motor vehicles operated in this State to be equipped with two brake systems, each of which must be adequate to stop as well as hold the vehicle when stopped. The truck driver admits in his testimony that the emergency or hand brake of the vehicle was deficient in that it could not stop the truck and trailer independently of the foot brake. That this was negligence on the part of Colletti has been fully considered and determined by this court in Rochefort v. Teche Lines, La.App., 186 So. 751.
Disposal of the question of defendants' liability leaves only for consideration the fixing of the amount of damages to which plaintiff is entitled. In his petition, plaintiff averred that he sustained contusions to his body and a sprained back and that, as a result, he was compelled to undergo treatment at United States Marine Hospital in New Orleans from the date of the accident until January 6, 1941, before he recovered from the effects of his injuries. He sought judgment for the sum of $2,250 for his personal injuries, pain and suffering; $237.50 for loss of salary and $54.13 representing the property damage to his automobile. The lower court awarded him judgment for $1,500 in a lump sum without detailing the items comprising it.
Defendants maintain that the allowance of the district judge is grossly excessive. They argue that, since plaintiff's injuries consist mainly of contusions and bruises, an award of $200 would be sufficient and they further assert that the item of $237.50 *Page 33 
claimed by plaintiff for loss of salary is not sustained by the evidence.
The record discloses that plaintiff was employed as Senior Compensation Clerk for the Works Progress Administration at a salary of $175 per month; that, shortly after the accident, he reported to the United States Marine Hospital for treatment and that his injuries were diagnosed at the hospital to be "Contusion, muscles of back; Bruise of right and left hand; Contused wound of forehead". The treatment prescribed by the hospital was physiotherapy (infra red heat) which was applied daily from the date of the accident until January 6th, 1941, when plaintiff was discharged as being fit for duty. While the injuries were not serious enough to require plaintiff's confinement to bed, the evidence shows that he could not drive his car during the time he was being treated for the contusions and strained muscles of his back. After a full consideration of the nature and extent of his ailments, we think that an allowance of $500 will fully compensate him for the pain and suffering he endured. In addition to this, plaintiff is entitled to recover the sum of $54.13, representing the damage to his automobile, which is not disputed by the defendants.
We are also of the opinion that plaintiff should recover the sum of $237.50 representing his loss of salary for the period during which he was disabled. Defendants maintain that this claim is not sustained by the evidence, pointing out that the only testimony in the record is plaintiff's statement that he was earning $175 per month and that he did not work from November 26th, 1940, to January 6th, 1941, excepting therefrom four days. It is said that, since plaintiff did not testify that he was not paid his salary during the period of time he did not work, that he has not proved the salary loss with certainty.
While it is true that the evidence submitted by plaintiff to prove the loss of salary could have been made more certain by the direct statement that he was not paid his salary when he was not working, we think that his testimony, taken as a whole, is sufficient to sustain his claim. The case of Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717, relied upon by the defendants is not in point for, there, plaintiff testified that during the period of his illness his employer actually paid him the salary for which he sought recovery.
For the reasons assigned, the judgment appealed from is amended by reducing the amount thereof to $791.63 and, as thus amended, it is affirmed. Plaintiff is to pay the costs of this appeal; all other costs are to be borne by the defendants.