GROB, Respondent v. HAHN, Appellant

(122 N.W.2d 460)

(File No. 10033. Opinion filed July 2, 1963)

**Davenport, Evans, Hurwitz & Smith, Carleton R. Hoy,** Sioux Falls, for Defendant and Appellant.

**James E. Doyle,** Yankton, **John A. Engel,** Avon, for Plaintiff and Respondent.

RENTTO, J. Plaintiff instituted this action to recover damages for injury to his person and property arising out of an accident involving the automobile which he was driving and a truck-

mounted corn sheller driven by the defendant. The mishap occurred on Highway 37 about nine miles south of Tripp, South Dakota, where that highway is intersected by a graveled road running east and west, shortly before 7:55 a.m. on June 7, 1960.

The jury returned interrogatories finding that plaintiff's total damage was $19,150 and that his contributory negligence was 25% of the total combined negligence proximately causing the injury and the defendant's negligence was 75% of it. Under the mandate of our comparative negligence law the jury awarded him the reduced sum of $14,362.50 for which judgment was entered. By motions for a directed verdict, judgment notwithstanding the verdict and a new trial, defendant presented to the trial court his claim that plaintiff should be denied recovery because of his contributory negligence. This contention is the principal basis of his appeal from the judgment.

As stated by the trial judge in his memorandum, "no really substantial question exists as to what took place at and immediately preceding this accident." For a factual background we borrow from his statement of the facts: "both parties were proceeding South along a familiar blacktop highway, in daylight, on a clear day. The Defendant was driving his truck at about 40 miles an hour and the Plaintiff was overtaking him in his car at about 60 miles an hour. There was no other traffic to distract either driver. When about one-quarter mile behind the truck the Plaintiff turned into the left lane intending to pass the truck when it had been overtaken. The Plaintiff's car closed the gap between the two vehicles until about 200 feet remained and at this time the Defendant's truck started to veer into the left lane." This occurred near the north edge of the intersecting graveled road.

The trial judge's recitation of the facts goes on to state: "The Plaintiff construed the action of the Defendant to indicate an intention to turn to the left as, in fact, it was. Accordingly the Plaintiff turned back into the right-hand lane seeking to get around the truck on the right-hand side. It may reasonably be inferred that at this time the Plaintiff made a heavy application of his brakes because there was a screeching of tires which the Defendant heard and promptly pulled back into the right-hand lane directly in front of the Plaintiff. The Plaintiff, seeking to avoid a direct impact,

again pulled to the left, lost control of his car and sustained severe injuries." Plaintiff's automobile went into the ditch on the east side of the blacktop, south of the graveled road, and overturned.

These additional pertinent facts are also noted by the trial judge: "There was no contact between the two vehicles. The Plaintiff's car actually did go past the truck during the time that both vehicles were in the intersection, at which time the car was out of control. The Defendant heard no horn sounded and the Plaintiff does not positively claim that he did blow his horn at any time. The Defendant admits that he did not ascertain that the turn could be made in safety or in any manner signal his intention to turn prior to commencing to do so. The Plaintiff claims that he did not know that the Defendant was slowing and the defendant makes no claim that, in any manner, he signalled that he intended to or was slowing his truck, although he admitted that he knew that there was a vehicle behind him."

Plaintiff admitted he had traveled this road many times and was familiar with it, yet he testified that he did not see the side road. However, as observed by the trial judge "the photographic exhibit discloses that the intersection was plainly to be seen." Consequently, he is bound to the same extent as though he had seen it. Flanagan v. Slattery, 74 S.D. 92, 49 N.W.2d 27.

Defendant's principal contention on this appeal is bottomed on the rule of the road found in SDC 1960 Supp. 44.0313, which, so far as here material provides that:

> "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any * * * intersection of highways unless permitted so to do by a traffic or police officer."

It seems to us clear that plaintiff's conduct was a violation of this statute. On the question of whether the violation of statutory rules of conduct is negligence per se or only evidence of negligence there have been changes of position in our recent cases.

In Anderson v. Langenfeld, 72 S.D. 438, 36 N.W.2d 388, involving passing at an intersection, it was held that "such a violation constitutes contributory negligence so as to bar recovery

on the part of him committing the same." The rule of the Anderson case was modified in Hullander v. McIntyre, 78 S.D. 453, 104 N.W.2d 40, also involving intersectional passing, holding such violation to be only a prima facie showing of negligence which the offending motorist may overcome by showing that his conduct was not inconsistent with the exercise of due care. Such was the status of the rule when this matter was before the trial court. After this appeal was perfected our opinion in Albers v. Ottenbacher, 79 S.D. 637, 116 N.W.2d 529, was filed disapproving the modification of the rule announced in the Hullander case, and classifying the situations excusing the failure to observe a statutory duty.

In the Albers case we held that when the legislature by statute has fixed a standard of conduct "the omission of that duty is negligence in and of itself." In other words, it is negligence as a matter of law. Manifestly, plaintiff was negligent in attempting to pass the defendant's vehicle in the circumstances described.

Under our holding in the Albers case such violation could be excused by (1) anything that would make compliance with the statute impossible; (2) anything over which the driver has no control which places his car in a position violative of the statute; (3) an emergency not of the driver's own making by reason of which he fails to observe the statute; and (4) an excuse specifically provided by statute. Since there is no evidence that any of these were present in this case, plaintiff's violation of the statute was legally inexcusable.

Accordingly, we hold that plaintiff was negligent as a matter of law and that his negligence was a substantial factor in causing his injuries. Of course under our law on comparative negligence this contributory negligence does not defeat plaintiff's recovery unless it is more than slight. However, we think the evidence here shows beyond reasonable dispute that the contributory negligence of the plaintiff was more than slight. Consequently, defendant's motion for a directed verdict should have been granted.

Reversed.

All the Judges concur.