BOTHERN, Appellant v. PETERSON et al., Respondents

(155 N.W.2d 308)

(File No. 10388. Opinion filed December 27, 1967)

86

**Willy, Pruitt & Matthews, Gene E. Pruitt,** Sioux Falls, **McCann & Martin, W. R. McCann,** Brookings, for plaintiff and appellant.

**Davenport, Evans, Hurwitz & Smith, Lyle J. Wirt,** Sioux Falls, **Alvin F. Schulz,** Brookings, for defendants and respondents.

HANSON, Judge.

This action for the wrongful death of William H. Bothern resulted in a verdict for defendants, Western Dairy and its truck

driver, Darrell Peterson. A motion for judgment notwithstanding the verdict or in the alternative for a new trial was denied. On appeal plaintiff primarily contends defendants were guilty of negligence as a matter of law which was the proximate cause, or a concurring cause, of the collision between the automobile in which decedent was riding and defendant's milk truck.

In reviewing such issues this court is obligated to view the evidence in the light most favorable to the verdict. Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924. Accordingly, it appears that decedent, William H. Bothern, was 45 years old and resided on a farm eleven miles south of Brookings. Shortly after noon on September 28, 1965 he left his farm to attend a sale riding in a Buick automobile owned and operated by Clarence A. Davis. While Davis was driving and at a point about four miles north of White, South Dakota, at the intersection of Highways 25 and 44, the Buick collided with a Western Dairy milk truck owned and operated by defendant, Darrell Peterson. The accident resulted in the immediate death of Davis and the subsequent death of Bothern.

Highway 25 is a north/south asphalt surfaced road 22 feet wide protected by stop signs on the east and west. Highway 44 is a narrower graveled road running east and west. The intersection corners are rounded rather than right angled. The speed limit on Highway 25 is 60 m.p.h.

Western Dairy is a farmers' cooperative located at Clarkfield, Minnesota, having several truck drivers including defendant, Darrell Peterson, who daily collect milk from dairy farms in its area. Peterson's milk route extended into South Dakota. He drove a 1964 GMC truck with a 3,200 gallon milk cooler bulk tank. It was 26 feet long with double sets of rear dual wheels and weighed, with its load at the time of the accident, 35,000 lbs. It was equipped with two headlights, four lower taillights, three upper taillights, two side lights on each side, and five marker lights on top of the cab.

Shortly before the accident Peterson was driving his truck south on Highway 25. It was a foggy, wet day. Visibility varied

from 150 feet to 300 feet. All the truck lights were on and the windshield wiper was working. Peterson was driving between 20 and 25 miles per hour. As he approached the Highway 44 intersection he turned on his signal light indicating a left turn. He looked south and saw no approaching cars. There was, however, a pickup truck driven by David Hicks stopped at the stop sign on the east side of the intersection. When Peterson was from 125 to 300 feet north of the intersection the pickup started out and headed south on Highway 25. Before beginning his left turn Peterson slowed down to 5 miles per hour and again looked to the south and saw no approaching vehicles. He was driving in his right-hand lane and did not start turning left until he reached a point where he could proceed onto Highway 44.

Just as Peterson started his left turn he saw the Davis Buick about 150 feet south of the intersection. It was coming north in the east lane of Highway 25. The Buick was traveling 70 to 75 miles per hour and had no lights on. When he saw the Buick Peterson stepped on his brakes. The truck stopped north of the intersection headed into the curve of Highway 44. It was facing southeasterly with the front end of the truck in the east lane and the rear end in the west lane of Highway 25. The Buick hit the front of the truck with such force it was a total loss. It left skid marks extending across the intersection and for a distance of 129 feet south of the intersection. After the accident Bothern asked two different witnesses to get rid of whiskey bottles in the Buick. They refused and bottles of whiskey were afterwards found in the Buick by the investigating officers. There was no evidence, however, that either Bothern or Davis had been drinking.

■ ■ The trial court correctly instructed the jury the presumption of due care applied to decedent in the absence of any evidence of negligent conduct on his part. Also, as a guest in the Buick, the negligence of the driver Davis, was not imputable to him. The issue of contributory negligence is therefore not presented.

■ Plaintiff contends defendant was negligent as a matter of law in the operation of his milk truck as follows: (1) Driving on the wrong side of the highway, (2) failing to maintain a

proper lookout, (3) failing to yield the right-of-way, and (4) making an improper left turn. Ordinarily, questions of negligence and proximate cause are factual issues for jury determination. Only where the facts are not in dispute or are of such nature reasonable men could not differ do they become questions of law for the court. Dwyer v. Christensen, 76 S.D. 201, 75 N.W.2d 650, 56 A.L.R.2d 734; Bogh v. Beadles, 79 S.D. 23, 107 N.W.2d 342.

■ There is substantial credible evidence that Peterson was driving his truck in the proper lane of traffic. The jury could properly find he did not commence turning left until he was at the intersection curve of Highway 44. The pictures in evidence show the turning position of the truck after the collision. The rear wheels were still in the right half of the highway. If Peterson had been traveling in the wrong lane of traffic at least the left rear wheels of the truck would have had to be in the east side of the highway center line.

■■ There is further substantial evidence that Peterson was keeping a proper lookout for other users of the highway. He observed the pickup at the stop sign and waited for it to enter and proceed south on Highway 25. He looked to the south as he approached the intersection and again as he commenced turning left. Because of the fog, speed, and lack of lights the Buick could not be seen. Peterson was entitled to turn left at the intersection. In doing so he proceeded slowly and looked for other users of the highway. All of the truck lights were on, including the directional signal indicating a left turn. He was under no obligation to yield the right-of-way to a vehicle which could not be seen and was approaching the intersection in fog at an unlawful speed without lights. Under such circumstances the right-of-way is forfeited. Bogh v. Beadles, 79 S.D. 23, 107 N.W.2d 342.

Peterson concedes he did not make a left turn in strict compliance with SDC 44.0316 which provides that the driver of a vehicle "intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to

the right thereof before turning such vehicle to the left." Instead, he apparently made a "short-cut" turn left of the intersection center.

A violation, without legal excuse or justification, of a statute enacted for reasons of safety constitutes negligence per se. Zakrzewski v. Hyronimus, 81 S.D. 428, 136 N.W.2d 572; Albers v. Ottenbacher, 79 S.D. 637, 116 N.W.2d 529; Roth v. Jelden, 80 S.D. 40, 118 N.W.2d 20; Grob v. Hahn, 80 S.D. 271, 122 N.W.2d 460; and McCleod v. Tri-State Milling Co., 71 S.D. 362, 24 N.W.2d 485. In Albers v. Ottenbacher the following excusable violations of traffic regulations were recognized:

(1) Anything that would make compliance with the statute impossible; (2) Anything over which the driver has no control which places his car in a position violative of the statute; (3) An emergency not of the driver's own making by reason of which he fails to observe the statute; and (4) An excuse specifically provided by statute.

Because of the length of the truck and narrow width of Highway 44 Peterson testified it was impossible for him to turn his rig right of center in one unbroken movement. In order to turn right of center it would be necessary "to get as close to the center point as possible and drive up to the shoulder of the road and then back up and make another part of a turn to go east". This was not disputed and it was for the jury to determine whether or not the manner of turning left, under the circumstances, was excused or justified. The jury could have found it was physically impossible for defendant to comply with the statute without stopping and backing up. Birtcherds Dairy, Inc. v. Randall, 180 Va. 311, 23 S.E.2d 229.

Even if the short left turn was not excusable or justifiable the burden was on plaintiff to prove such violation was a proximate cause or a concurrent cause of the accident. The jury may have found the manner of turning left was not a contributing causative factor and the accident was the sole proximate result of the negligence of Clarence A. Davis in driving his Buick at a high rate of speed in the fog without lights. Par-

ham v. Dell Rapids Township in Minnehaha County, 80 S.D. 281, 122 N.W.2d 548; Serles v. Braun, 79 S.D. 456, 113 N.W.2d 216; Lix v. Gastian, Mo.App., 261 S.W.2d 497; Smith v. Taylor-Button Co., 179 Wis. 232, 190 N.W. 999.

Finding no error in the denial of plaintiff's motions or in any of the instructions to the jury the judgment appealed from is affirmed.

HOMEYER, P. J., and ROBERTS and RENTTO, JJ., concur.

BIEGELMEIER, Judge (dissenting).

Albers v. Ottenbacher, 1962, 79 S.D. 637, 116 N.W.2d 529, held violation of the statute requiring brakes to be in good working order without legal excuse constituted negligence in itself and the court erred in submitting that issue to the jury, and in Grob v. Hahn, 1963, 80 S.D. 271, 122 N.W.2d 460, passing a car at an intersection contrary to statute was negligence as a matter of law and a substantial factor in causing plaintiff's injuries requiring a directed verdict for defendant who had also negligently turned left without a signal. The facts as to defendant's negligence here are from his own testimony. He turned left over 20 feet north of the stop sign which was two feet north of Highway 44 or over 30 feet north (and to the left) of the center of the intersection. If this was an automobile 18 or 20 feet long we would declare this negligence as a matter of law without hesitation and direct that it not be an issue for the jury to determine. Defendant is to be saved from this only by his claim it was impossible for him to make the left turn with his truck as required by SDC 44.0316 and thus is excused from compliance therewith.

There are two reasons why this contention cannot be sustained. "The fact or facts which will excuse a violation of a statute or ordinance, however, must result from causes or things beyond the control of the person charged with the violation." 65 C.J.S. Negligence § 19(8), pages 640-641 where our Albers case is cited twice. Did defendant's evidence meet this test? A true application of this rule is in Gigliotti v. New York, Chicago &

St. Louis R. Co., 107 Ohio App. 174, 157 N.E.2d 447, where the statute required a signal by whistle 80 rods from the crossing. The evidence was the whistle was sounded 33 feet from the highway while the engine was standing in a waterworks yard where it had dropped some cars. The railroad spur was not 80 rods long and the engine was never, and could never, be that far from the crossing. There performance was impossible and the statute could not be applied.

McConnell v. Herron, 1965, 240 Or. 486, 402 P.2d 726, is from the same court as Nettleton v. Jones, 212 Or. 375, 319 P.2d 879, which our court cited in Albers. The final question the court considered in McConnell was whether the offered proof measured up to the kind of evidence which would constitute a lawful excuse to violate the statute, there—failure to keep brakes in good working order. As to the offer to show the driver hit a bump crossing a ditch which caused his brakes to fail the court said:

> "We hold only that unless a party can show impossibility of compliance, regardless of the degree of care, or that his failure to comply with the statute was caused by circumstances over which he had no control, he has not tendered a valid excuse. An offer of proof, to be received as a possible excuse, must contain facts which, if true, would show that compliance with the statute was clearly impossible, regardless of the degree of care, or was prevented by circumstances wholly beyond the party's control. No such **facts** were tendered in the case at bar." (Emphasis supplied)

Defendant's testimony does not entitle him to this excuse. As he testified, he had made this turn "Several hundred times" driving this truck and gave his **opinion** (after the trial court had denied similar evidence to the contrary by the sheriff) it was impossible for him to make the turn around the center of the intersection as the statute requires. This inability, if true, was of his own making and, if permitted, excuses him day after day from making a legal turn—or conversely approves and condones a constant exemption from the statute and denies its protec-

tion to others lawfully using the highway. No one should be permitted to drive a motor vehicle that cannot be operated on the highways as required by statute—be it as to inability to make a legal turn, without brakes or lights, etc.—and claim excuse.

Secondly, the exhibits, photos and plat repudiate the opinion he expressed. They are physical proof he could have made a turn to the south of the three cars parked in the intersection in Exhibit 3; that exhibit shows the tracks of one of the autos making almost a U-turn on only a part of the intersection. These reasons require me to dissent.