ENGEL, Appellant v. STOCK, Respondent

(225 N.W. 2d 872)

(File No. 11489. Opinion filed February 11, 1975)

Steve Jorgensen, Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for plaintiff and appellant.

Carleton Hoy, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and respondent.

WINANS, Justice.

This case presents the question of whether a directed verdict was properly granted by the trial court in favor of defendant-respondent and against plaintiff-appellant's claim. The facts relevant to a resolution of this issue are fairly simple. Plaintiff was driving north on Lake Avenue in Sioux Falls, South Dakota. Her automobile therefore should have been occupying the eastern half of the avenue, which was where she had a legal right to be. As plaintiff proceeded up the avenue, defendant was backing out of a driveway on the west side of the street. Defendant described the movement of her automobile as follows:

"\* \* \* I started to back out, but I had stopped because I couldn't—first of all, I stopped and looked and I couldn't see anyone because of the cars parked along the side."

At the moment of impact defendant was on her own side of the street, and stopped. In contrast to defendant's conduct, plaintiff testified she was traveling at approximately 20 to 25 miles per hour and did not observe defendant's vehicle prior to impact because she was not looking to the left or right. Plaintiff was asked about the position of her automobile:

"Q Did you stay in your own lane of traffic at all times?

A Well, I would have to say in all honesty that I was probably, you know, over a little bit,".

Officer Gruhlke of the Sioux Falls police department investigated the accident. He measured Lake Avenue to be thirty-two feet wide and indicated that the point of impact was two feet to the west of the center of the street, a place where plaintiff had no legal right to be.

At the close of the evidence defendant moved for a directed verdict which the trial court granted on plaintiff's claim. This Court has stated in the past that:

"In reviewing a ruling on a motion for a directed verdict and its complementary motion for judgment n. o. v. an appellate court views the evidence in a light most favorable to the party against whom the motions were directed; then without weighing the evidence it must decide if there is evidence which would have supported or did support a verdict in his favor." Corey v. Kocer, 1972, 86 S.D. 221, 226, 193 N.W.2d 589, 592.

We hold there is no evidence which would have supported a verdict in favor of plaintiff on her claim because the record of this case contains unqualified and uncontradicted evidence that plaintiff was on the wrong side of the street when the accident occurred. Plaintiff was contributorily negligent per

se (as a matter of law), Roberts v. Brown, 1949, 72 S.D. 479, 36 N.W.2d 665, because she was operating her vehicle in violation of SDCL 32-26-1 which requires motorists, upon all highways of sufficient width, to drive their vehicle upon the right half of the highway.

■ The violation of a statute enacted to promote safety constitutes negligence per se. In Martin v. Herzog, 1920, 228 N.Y. 164, 168, 126 N.E. 814, 815, Judge Cardozo, commenting on the failure of a driver to use lights at night, said:

"We think the unexcused omission of the statutory signals is more than some evidence of negligence. It *is* negligence in itself. * * * By the very terms of the hypothesis, to omit, willfully or heedlessly, the safeguards prescribed by law for the benefit of another that he may be preserved in life or limb, is to fall short of the standard of diligence to which those who live in organized society are under a duty to conform. * * * Jurors have no dispensing power, by which they may relax the duty that one traveler on the highway owes under the statute to another. It is error to tell them that they have."

Echoing Judge Cardozo this Court held that:

"when the legislature by statute has fixed a standard of conduct 'the omission of that duty is negligence in and of itself.' In other words, it is negligence as a matter of law." Grob v. Hahn, 80 S.D. 271, 274, 122 N.W.2d 460, 461.

Under our cases there are four circumstances in which the violation of a statute is excusable. These justifiable violations of traffic regulations were first recognized in Albers v. Ottenbacher, 1962, 79 S.D. 637, 116 N.W.2d 529, and were subsequently approved by us in Bothern v. Peterson, 1967, 83 S.D. 84, 90, 155 N.W.2d 308, 311. They are:

"(1) Anything that would make compliance with the statute impossible; (2) Anything over which the driver has no control which places his car in a position

violative of the statute; (3) An emergency not of the driver's own making by reason of which he fails to observe the statute; and (4) An excuse specifically provided by statute."

A close review of the record discloses no evidence which would establish a legal excuse for plaintiff's statutory violation.

Plaintiff urges that even if she was negligent, the case should be submitted to the jury on the issue of comparative negligence. South Dakota's comparative negligence statute, SDCL 20-9-2, provides that:

"In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence *shall not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant,* but in such case, the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence." (emphasis supplied)

Supporting her argument that this statute is applicable to the facts of the instant case, plaintiff directs us to Roberts v. Brown, supra. There we said:

"[T]he first question which is presented in this case, and in each case where the statute is involved, is whether the evidence is sufficient to permit the jury to infer or draw as a logical conclusion from the facts that plaintiff was guilty of no more than slight negligence.   *   *   * Because of the uncertainty intrinsic in this statute it is apparent that each case must be determined upon the facts presented. There is no exact rule or standard that can be fixed for its application."

Mindful that "each case must be determined upon the facts presented", we believe an examination of the factual setting in *Roberts* shows that that case has little bearing on the one now before us. In *Roberts* plaintiff was crossing from the west to the east side of a street in order to enter a garage driveway. Fifty feet

before the turn he opened his truck's left door for the purpose of signaling the turn and to see if any cars were approaching from the rear. At the moment of collision plaintiff's truck was moving forward at two or three miles an hour. The truck was, however, two or three feet over the center line in violation of a Sioux Falls ordinance which prohibits vehicles from crossing from the right to the left side of a street except at an intersection. The *Roberts* court concluded from these facts that while plaintiff was negligent he did observe safeguards to protect himself and others. In contrast the defendant in *Roberts* drove at an excessive speed of over thirty miles per hour and failed to keep a proper lookout. Plaintiff's negligence was therefore minimized to the point where it could not be said "as a matter of law that reasonable men might not differ upon the question of whether plaintiff's negligence was more than slight", and this Court held that the resolution of that issue was properly placed by the trial court in the hands of the Jury.

In the case at bar reasonable men would not differ on whether the contributory negligence of plaintiff was slight when placed side by side with defendant's actions. We reach this conclusion because unlike the plaintiff in *Roberts*, who was traveling at an extremely low speed, keeping a careful lookout and clearly indicating the action he was about to take, there is no evidence in the present appeal that plaintiff did anything other than drive at twenty to twenty-five miles per hour on the wrong side of the street. In addition, while the defendant in *Roberts* was "barging along at an excessive rate of speed without looking and apparently unconcerned with the consequences of his acts", the instant defendant was cautiously leaving a driveway and was even stopped at the time of impact.

Moreover, plaintiff may not seek solace in our comparative negligence statute because as we held in Crabb v. Wade, 1969, 84 S.D. 93, 98, 167 N.W.2d 546, 549:

"[T]here can be no application of this law unless both parties are guilty of negligence proximately causing or contributing to the injuries complained of. The negligence of both parties must, therefore, be first considered and determined separately by the common standard of

the reasonably prudent man. If the parties are both found to be causally negligent, the jury then determines if the contributory negligence of the plaintiff is slight in comparison with the negligence of the defendant."

Both parties were not the proximate cause of this accident. Defendant was not the proximate cause of anything because she was where the law said she had a right to be; sitting in her motionless vehicle, while in the process of leaving a driveway. It is beyond cavil that the causal agent here was plaintiff who, as already stated, was driving between twenty to twenty-five miles per hour on the wrong side of the street.

The judgment appealed from is affirmed.

All the Justices concur.