RUBY A. RUTSCHMAN, Plaintiff-Appellant, *v.* JOHN S. TRYBULA, Defendant-Appellee.

Second District (2nd Division)   No. 74-237

Opinion filed April 13, 1976.—Rehearing denied May 12, 1976.

Peregrine, Stime, Henninger & Newman, of Wheaton, for appellant.

Popejoy, Nelson, Lucas & Speer, of Wheaton, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff sued for injuries allegedly suffered when her car was struck from the rear in a five-car, chain-reaction collision initiated by the car driven by defendant. The trial court denied plaintiff's motions for a directed verdict and for a new trial after a jury verdict for defendant.

On appeal, plaintiff asserts: (1) the trial court erred in denying plaintiff's motion for a directed verdict; (2) the jury's verdict was against the manifest weight of the evidence; (3) reversible error was committed by defense counsel in referring to his client as a "retired carpenter"; and (4) the trial court improperly denied plaintiff's motion to amend her pleadings to conform with the proof.

At approximately 5 p.m. on November 3, 1970, plaintiff was a passenger in a car driven by her husband. While southbound in the right hand lane of Route 83 (at the point of this occurrence, a four-lane highway with a 12-foot gravel shoulder) plaintiff's car stopped for a traffic light. While stopped, plaintiff's car was struck from the rear by a car operated by one Louise Smith, whose car had just, in turn, been struck, by

defendant's car. No issue of plaintiff's contributory negligence was raised.

Defendant testified as follows. Just prior to the impact, he was traveling at 20 m.p.h. on a slight downgrade. He first saw the line of cars ahead, in his lane of traffic, from a distance of about 200 feet. He was 150 feet away, traveling at 15 miles per hour, when he first applied his brakes, which did not hold although he pumped them twice. He turned his vehicle to the right in an attempt to avoid the collision but when his car came to rest it was predominantly in the same lane of traffic with only the right front wheel a foot and a half off of the roadway. He did not attempt to use the emergency brake. Immediately after the collision he noticed that his brake pedal was bent to the right; it had not been bent before.

There was no evidence that the shoulder of the road was unavailable, that the pavement was other than dry, or that defendant's vision was obstructed. Defendant maintained that his brakes never malfunctioned before or after the collision, that in fact they were "there" when he moved the vehicle off the roadway after the police arrived and that he drove the auto home that evening without further incident.

■■ When, in a negligence action, a defendant raises a defense of latent defect or sudden mechanical failure, the burden is upon defendant to show the existence of such defect by evidence of the "most convincing nature." (See *Savage v. Blancett*, 47 Ill. App. 2d 355, 362 (1964), citing with approval *Hassell v. Colletti*, 12 So. 2d 31, 32 (La. App. 1943).) If such convincing evidence *has been presented*, but plaintiff's counsel has been content to submit the issue of defendant's negligence to the jury without specific instruction as to defendant's burden of proving latent defect, plaintiff may not complain that a jury verdict for defendant is against the manifest weight of the evidence. (See *McKinsey v. Morrissey*, 12 Ill. App. 3d 156 (1973), and *Truemper v. Bowman*, 17 Ill. App. 3d 677, 678-680 (1974).) However, if plaintiff has made a *prima facie* case of negligence against the defendant, and defendant offers in defense only his naked statement that such defect existed, we believe the defendant's burden of proving latent defect by evidence of a most convincing nature has not been met as a matter of law. Under these circumstances the reviewing court may consider whether a jury verdict for defendant is sustained by the weight of the other evidence presented.

■■ In the case at hand, the defendant stated that his brakes failed without warning, although they worked normally prior to and following the accident. Just after the accident he was able to drive the car home without further difficulty. The claimed brake failure was not supported by corroborating testimony (see *McKinsey v. Morrissey*, at 157), nor by testimony regarding specific defects found or repairs performed (see *Truemper v. Bowman*, at 678). No expert testified as to how such brake failure could occur and then cure itself without repair. We hold that

defendant's unsupported explanation that his brakes failed is not evidence of the convincing nature necessary to sustain his defense of latent defect.

We next consider whether, without benefit of that defense, the jury's verdict, finding defendant free from negligence, is supported by the weight of the evidence. By the defendant's own admission, he first sighted the line of stopped cars from a distance of 200 feet. There was no evidence of any obstruction to his vision. The pavement was apparently dry. He proceeded toward the cars on a slight downgrade at a speed of 15 miles per hour or somewhat more.[1] He failed to stop his vehicle or steer it onto the shoulder to avoid a collision. After the collision defendant's brake pedal was bent to the right whereas it had not been before. His brakes worked normally after the collision, and he drove himself home.

Contrary to plaintiff's assertion, we believe that under the evidence defendant was not guilty of negligence as a matter of law. He therefore was not entitled to a directed verdict under the *Pedrick* standard.(*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510 (1967).) However, the *Pedrick* case preserved the distinction between evidentiary situations requiring a new trial where the verdict is found to be against the manifest weight of the evidence and those justifying a directed verdict. *Pedrick v. Peoria & Eastern R.R. Co.*, at 509.

■■ In the instant case we have no doubt that—taking his defense of latent defect as unproven—the jury verdict finding defendant free of negligence was against the manifest weight of the evidence. The plaintiff, therefore, is entitled to a new trial.

In view of our decision to remand this case for a new trial on the basis of the above, we find it unnecessary to reach plaintiff's other two issues relating to mention of defendant's status as a retired carpenter and to denial of plaintiff's request to amend the pleadings.

Reversed and remanded for a new trial.

RECHENMACHER and DIXON, JJ., concur.

---

[1] The statutory requirements for brakes specify that they shall be adequate to stop the motor vehicle traveling 20 miles per hour on a level surface within a distance of 30 feet on dry asphalt or concrete pavement free from loose material. The Illinois Vehicle Code, section 12—301(b)1 (Ill. Rev. Stat. 1973, ch. 95½, §12—301(b)1).