Lois STEVENS, Plaintiff and Appellant,

v.

WOOD SAWMILL, INC., a South Dakota corporation, and Walter Omdahl, Defendants and Appellees.

No. 15578.

Supreme Court of South Dakota.

Considered on Briefs Feb. 18, 1988.

Decided June 15, 1988.

Lawrence R. Bihlmeyer and Curt Ireland, Rapid City, for plaintiff and appellant.

Terence R. Quinn and Kenneth E. Barker of Stephens, Quinn & Buckmaster, Belle Fourche, for defendants and appellees.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES ON APPEAL

Plaintiff/Appellant Lois Stevens (Plaintiff) appeals from an unfavorable judgment entered after a jury trial before the circuit court of Butte County. The case arose after an unattended trailer-truck operated by Defendant Walter Omdahl (Driver), and owned by Wood Sawmill, Inc. (Sawmill), rolled down a hill and struck Plaintiff's truck. Damages were sought for property damage and personal injuries. Plaintiff alleges circuit court error in two areas:

(1) Her motions for a directed verdict and judgment notwithstanding the verdict on the issue of liability should have been granted; and

(2) An "unavoidable accident" jury instruction was not warranted on the facts of this case, and constituted reversible error.

We reverse and remand.

## FACTS

On August 25, 1984, Plaintiff was sitting in her truck parked near the Belle Fourche Wood Products parking lot. Driver arrived

in a loaded truck, and parked his vehicle on an incline approximately 150 to 200 feet away from Plaintiff's truck. He then proceeded to the Belle Fourche office to handle some paperwork.

In the office, Driver heard that his vehicle was rolling downhill. He looked, saw that the truck was moving slowly, and intercepted it. He climbed in and pressed the brake pedal, but failed to stop the truck before it hit the truck containing the Plaintiff, who apparently suffered jaw and neck injuries.

Plaintiff filed a complaint alleging negligence on the part of Driver and Sawmill in failing to either properly maintain the truck or correctly set the brakes, and a jury trial followed. At trial, the Defendants testified that they kept no maintenance records regarding the truck, had never had any previous problem regarding its brakes, and found no physical defect or improper adjustment in its systems after the incident. Driver testified that he had set the brakes properly, heard a hiss indicating that the brakes were functioning, and turned off the engine.

Plaintiff argued that the Defendants were guilty of violating SDCL 32–18–26 (duty to maintain brakes in good working condition), SDCL 32–18–13 (vehicles to be equipped with parking brakes adequate to hold such vehicle on any grade on which it is operated under all load conditions), and SDCL 32–18–15 (mandating parking brakes designed to stay applied with the required effectiveness despite loss of power or leakage). Plaintiff asserted that the fact the collision occurred made the Defendants guilty of negligence as a matter of law, as the above statutes must have been violated. The Defendants argued that the collision was caused by some unknown brake failure, possibly a stuck valve, for which they could not be held responsible.

The Plaintiff made a motion for a directed verdict at the close of evidence, and a motion for judgment n.o.v. after the jury

verdict was for the Defendants. Both motions were denied. Plaintiff also objected, unsuccessfully, to submission of an instruction to the jury concerning "unavoidable accident."[1] This appeal followed.

## DECISION

### I. DIRECTED VERDICT/JUDGMENT N.O.V.

At trial, Plaintiff had the burden of establishing that there was sufficient evidence to reasonably conclude without resort to speculation, that the preponderance of evidence favored liability. *Leslie v. City of Bonesteel*, 303 N.W.2d 117, 119 (S.D. 1981). She need not, however, prove her case to a degree of absolute certainty. *Id.* The three necessary elements of actionable negligence are: (1) A duty on the part of the defendant; (2) a failure to perform that duty; and (3) an injury to the plaintiff resulting from such a failure. *Id.* The crux of this appeal is Defendants' alleged failure to perform their duty established by the safety statutes of this state.

■ Negligence is the breach of a legal duty imposed by statute or common law. *Walz v. City of Hudson*, 327 N.W.2d 120, 122 (S.D.1982). As the California Supreme Court has observed: "The statutory provisions regulating the maintenance and equipment of automobiles constitute express legislative recognition of the fact that improperly maintained motor vehicles threaten 'a grave risk of serious bodily harm or death,'" and such statutes establish a duty to meet the standards required. *Maloney v. Rath*, 69 Cal.2d 442, 447, 445 P.2d 513, 516, 71 Cal.Rptr. 897, 900 (1968) (citation omitted). The violation of a statute designed for the benefit of individuals is of itself sufficient to prove a breach of duty as will sustain an action for negligence brought by a person within the protected class if other elements of negligence occur. *Albers v. Ottenbacher*, 79 S.D. 637, 641, 116 N.W.2d 529, 531 (1962) (defective

---

1. Jury Instruction No. 27 provided:
   You are further instructed that if Plaintiff's injuries came about as a result of an unavoidable accident, the Plaintiff is precluded from recovery. Such an accident comes about under circumstances in which there is no negligence which proximately caused the injury.

brakes). The statute or ordinance becomes the standard of care of the ordinarily careful and prudent person. *Id.* "[W]hen the driver or owner of a motor vehicle violates the specific regulations as to brakes ..., he is guilty of negligence as a matter of law unless it appears that compliance was excusable because of circumstances resulting from causes beyond his control and not produced by his own misconduct." *Albers,* 79 S.D. at 643, 116 N.W.2d at 532. *Evidence of due care does not furnish an excuse or justification. Id. Albers* is in part based on *Nettleton v. James,* 212 Or. 375, 319 P.2d 879 (1958), wherein it was held that the defendant was liable after his brakes failed due to an open valve, regardless of whether the problem was caused by the defendant's negligence or some other cause.[2]

Plaintiff in this case relies on *Albers* and its progeny, which hold unexcused violation of motor vehicle statutes to be negligence as a matter of law. *See Engel v. Stock,* 88 S.D. 579, 581, 225 N.W.2d 872, 873 (1975); *Grob v. Hahn,* 80 S.D. 271, 274, 122 N.W.2d 460, 461 (1963). This Court has followed a "negligence per se" course regarding unexcused violation of safety statutes consistently in non-automotive contexts as well, as in *Lovell v. Oahe Elec. Coop.,* 382 N.W.2d 396 (S.D.1986) (where I dissented on other grounds),[3] and *Martino v. Park Jefferson Racing Ass'n,* 315 N.W.2d 309 (S.D.1982). In essence, Plaintiff asserts that the unattended truck rolling down the hill was proof of either its brakes being incapable of holding it on all grades in all conditions of load, or the brakes being improperly set, in violation of one or more of the safety statutes regarding brakes. We agree. We quote from *Lovell:*

As a general rule "where a particular statutory or regulatory standard is en-

acted to protect persons in the plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the statute, *unexplained violation of that standard renders the defendant negligent as a matter of law." Weeks v. Prostrollo Sons, Inc.,* 84 S.D. 243, 248, 169 N.W.2d 725, 728–29 (1969) (quoting *Richardson v. Gregory,* 281 F.2d 626 (D.C.Cir.1960)). *Lovell,* 382 N.W.2d 397–98 (emphasis added). We further note the language in *Lovell:* "It [ordinary care] is commensurate with existing and surrounding hazards." *Id.* at 398. Surely, Defendants' truck, being loaded, and parked on an incline, with a gravitational opportunity to roll down the hill, was in a position which required ordinary care to a degree of a hazard that then existed. Omdahl, the driver, had no explanation as to why the brakes on his truck did not hold; we posit that this is precisely the "unexplained violation" mentioned in *Lovell.*

"Some circumstantial evidence is very strong, as when you find a trout in the milk." *Prosser and Keeton on the Law of Torts,* § 39, at 243 n. 11 (W.P. Keeton 5th ed. 1984) (quoting Thoreau, *Journal,* Nov. 11, 1850). As the Maryland Court of Special Appeals phrased it, perhaps too colorfully:

By Golly, if I'm standing on the corner minding my own business and a truck which is parked some 500 feet away comes barreling down the hill without anybody driving and knocks me tail over tincups, the owner better be prepared to explain how it happened.

*Gleason v. Jack Alan Enterprises, Inc.,* 36 Md.App. 562, 573, 374 A.2d 408, 414 (1977). Here, no explanation was offered. Plaintiff demonstrated that Defendants almost certainly violated the statutes. We do not

**2.** As Defendants note, the Oregon Supreme Court has since modified *Nettleton* in *McConnell v. Herron,* 240 Or. 486, 402 P.2d 726 (1965). Indeed, *McConnell* itself has been overruled. *See Freund v. DeBuse,* 264 Or. 447, 506 P.2d 491 (1973) (*Freund* still requires, however, a defendant to submit evidence proving the reasonableness of his actions, if a brake equipment statute is violated).

**3.** The dissent's quotation of my writing in *Lovell,* a case that turned on assumption of risk, is inapposite, for my dissent was based on the failure of the majority there to balance the negligence of the defendant against that of the plaintiff. Here, there is no negligence demonstrated against the plaintiff, who was sitting in a parked truck.

require a plaintiff to eliminate all possible explanations of causation that the ingenuity of counsel might suggest. *Shaffer v. Honeywell, Inc.,* 249 N.W.2d 251, 256 (S.D. 1976).

Defendants counter that Plaintiff did not prove that their negligence caused the collision. As their brief states: "It remains a mystery what caused the truck to roll that morning. The truck's brakes had not failed prior to the accident, nor have they since."[4] Their inspection failed to uncover any mechanical malfunctions, and Driver testified that he set the brakes properly. The only explanation Driver offered was a "guesstimation" that a valve had stuck, allowing air to leak out and causing the roll. This defense is unacceptable. In *Lohr v. Watson,* 68 S.D. 298, 2 N.W.2d 6 (1942), this Court overturned a verdict lacking support in the evidence. A verdict cannot rest on an inference based on speculation and conjecture. *Lohr,* 68 S.D. at 304, 2 N.W.2d at 8. Here, the situation is reversed. The Defendants seek to excuse the violation of their statutory duty to properly maintain their truck on the basis of speculation that an unknown defect caused its brakes to slip. Plaintiff's powerful circumstantial evidence of statutory violation, at least as to the requirements that the brakes be capable of holding the vehicle, is essentially unchallenged. The "legal excuse" doctrine, to apply, requires a violator to prove that the violation was excused by a preponderance of the evidence. *Meyer v. Johnson,* 254 N.W.2d 107, 110–11 (S.D.1977). The claim that a latent defect caused brake failure, without corroborating evidence, is inapplicable:

> When, in a negligence action, a defendant raises a defense of latent defect or sudden mechanical failure, the burden is upon the defendant to show the existence of such defect by evidence of the "most convincing nature." ... However, if plaintiff has made a *prima facie* case of

negligence against the defendant, and defendant offers in defense only his naked statement that such defect existed, we believe the defendant's burden of proving latent defect by evidence of a most convincing nature has not been met as a matter of law. Under these circumstances the reviewing court may consider whether a jury verdict for defendant is sustained by the weight of the other evidence presented.

*Rutschman v. Trybula,* 38 Ill.App.3d 298, 300, 346 N.E.2d 34, 36 (1976) (citations omitted). *See also Hassell v. Colletti,* 12 So.2d 31 (La.App.1943).

There is no credible evidence to support the latent defect defense; therefore, the Defendants are negligent as a matter of law. There was really nothing here for a jury to consider. The issue of statutory violation should not have been submitted to the jury. The Plaintiff's motions should have been granted. "In reviewing the propriety of the judgment n.o.v., we are cognizant that the motion is retroactive to a motion for a directed verdict and thus the motion, in effect, brings before the trial court for review a second time the grounds urged in support of the motion for directed verdict." *Fajardo v. Cammack,* 322 N.W.2d 873, 875 (S.D.1982) (*see also* SDCL 15–6–50(b)). The appropriate motions were made by Plaintiff. " 'A verdict is appropriately directed when there is no question for the trier of fact.' " *Malloy v. Commonwealth Highland Theatres, Inc.,* 375 N.W.2d 631, 634 (S.D.1985) (citation omitted). " 'A motion for a directed verdict should be granted only when it would be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence because reasonable men could draw but one conclusion therefrom.' " *Malloy, id.* at 634 (citation omitted). While it is seldom that a party having the burden of proving a proposition establishes such a proposition as a matter of law, *Malloy, id.,*

---

**4.** As William L. Prosser noted in regards to a defendant bakery's claim that its procedures made it impossible for worms to get into its bread: "As the defendant's evidence approaches absolute proof that the larva could not be there at all, it becomes more obviously contradicted by the fact that the larva is there." W.L. Prosser, *The Procedural Effect of Res Ipsa Loquitur,* 20 Minn.L.Rev. 241, 270 (1936). Here, if Defendants' testimony is taken at face value, the collision could not have occurred at all.

such is the case here. Circumstantial evidence established an overwhelming probability that Defendants breached their duty. Defendants failed to present evidence even remotely sufficient to show an excuse. We therefore reverse the trial court on this issue.

## II. UNAVOIDABLE ACCIDENT JURY INSTRUCTION

■ Plaintiff's assertion that the trial court's submission of the unavoidable accident instruction was prejudicial error is correct, and would warrant reversal for new trial by itself.

Our case law on unavoidable accident instructions indicates that the propriety of such instructions is based on the facts of each case:

Although we believe unavoidable accident instructions should be restrictively used we do not favor ... total exclusion. In the ordinary negligence action the jury is adequately instructed on the ultimate issues by instructions on negligence, contributory negligence, burden of proof, and proximate cause. Further instruction on unavoidable accident usually is unnecessary. Such instruction. may properly be given in those cases where there is evidence that something other than the negligence of one of the parties caused the mishap. It is particularly apt where the further element of "surprise" is present such as the sudden and unexpected presence of ice, the blowout of a tire, the malfunction of brakes, or other mechanical failure.

*Cordell v. Scott,* 79 S.D. 316, 322–23, 111 N.W.2d 594, 598 (1961). While Defendants emphasize the above quotation's reference to malfunction of brakes as creating an element of surprise, justifying the instruction in this case, the facts do not support their argument here. The instruction is not proper where the occurrence in question is reasonably foreseeable. *See Hoffman v. Royer,* 359 N.W.2d 387 (S.D.1984) (trucks colliding while passing); *Plucker v. Kappler,* 311 N.W.2d 924 (S.D.1981) (defendant knew of icy road conditions); *Del Vecchio v. Lund,* 293 N.W.2d 474 (S.D.

1980) (boat accident on crowded lake); *Meyer v. Johnson,* 254 N.W.2d 107 (S.D.1977) (snow-covered road). No such surprise factor is present here. It is totally predictable that trucks will roll downhill. There is also a marked lack of evidence pointing to any cause other than the defendants' alleged negligence. The ice, blowouts, and brake malfunctions mentioned in *Cordell* are of the nature of independent causes, not the main factor by which negligence is sought to be proven. Simply put, the instruction was erroneous on these facts.

This error, in the context of this case, was prejudicial:

[I]n determining whether error was probably harmless or probably prejudicial an appellate court is guided by all the factors in the case bearing on the likelihood of prejudice, the force of the evidence to sustain the verdict, the assumptions that the jury was intelligent, and where the verdict is sustainable on more than one theory, that the verdict is based on the theory unaffected by error, where nothing in the case suggests the contrary.

*Plucker v. Kappler,* 311 N.W.2d at 925 (quoting *Meyer v. Johnson,* 254 N.W.2d 107, 112 (S.D.1977)). Where the evidence supporting the verdict is so weak (here, no written record of brake maintenance on a logging truck; no physical evidence corroborating an "unexpected" brake failure), and a lack of evidence pointing to other causes unrelated to the defendants' alleged negligence is so total, our clear duty is to consider the error prejudicial. The instruction unduly and improperly emphasized the defendants' position. *See Del Vecchio v. Lund,* 293 N.W.2d at 476.

The judgment below is reversed and the case remanded for a new trial on the damages only.

WUEST, C.J., and MORGAN, J., concur.

SABERS and MILLER, JJ., concur in part and dissent in part.

MILLER, Justice (concurring in part, dissenting in part).

I agree with the majority holding that the trial court erred in giving the unavoidable accident instruction.

I respectfully disagree, however, with the majority's holding that the trial court should have either directed a verdict or granted a judgment n.o.v. to plaintiffs. In my view, the evidence was totally insufficient to establish that defendants were negligent as a matter of law, and therefore a jury issue exists.

Plaintiff's complaint alleges that defendants' negligence flowed from their failure to "properly set the brakes" and "to maintain the brakes" on the truck. There are four relevant statutory safety standards involved in plaintiff's claim: SDCL 32–30–5, 32–18–13, –15, and –26. (The majority does not refer to SDCL 32–30–5, but the jury instruction given and the record made at the instruction settlement proceedings clearly indicates that it was a significant factor.) Generally summarized, those statutes set the following standards:

SDCL 32–30–5 provides that no driver of an *unattended vehicle* shall "... permit it to stand unattended without effectively *setting the brake* thereon...." (Emphasis added.)

SDCL 32–18–13 requires that vehicles "... shall be *equipped* with parking brakes adequate to hold the vehicle on any grade on which it is operated...." (Emphasis added.)

SDCL 32–18–15 requires that "[t]he parking brakes shall be so *designed* that when once applied they shall remain applied with the required effectiveness despite exhaustion of any source of energy or leakage of any kind." (Emphasis added.)

SDCL 32–18–26 requires that "[a]ll brakes shall be *maintained* in good working order and shall be so *adjusted*

as to operate as equally as practicable with respect to the wheels on the opposite side of the vehicle." (Emphasis added.)

By its Instruction No. 14, the trial court advised the jury as follows:

There are statutes in the State of South Dakota that provide:

'No person driving or in charge of a motor vehicle shall permit it to stand unattended without effectively setting the brake thereon. All brakes shall be maintained in good working order.'[1]

By Instruction No. 15, the jury was advised that if they found a violation of the safety statutes (Instruction No. 14) it amounted to negligence as a matter of law and if such violation was found by them to be the proximate cause of the accident, they should find defendants negligent.

My principal problem with the majority opinion is that it assumes and holds that there was a clear violation of the safety statutes. It overlooks the legitimate evidentiary dispute, which then raises a jury issue. Arguably, at issue, was: whether the driver *set the brakes* on the vehicle (SDCL 32–30–5); whether the vehicle was *equipped* with effective brakes (SDCL 32–18–13); whether the effectiveness of the *design* of the brakes was adequate (SDCL 32–18–15); and whether the brakes were properly *maintained and adjusted* (SDCL 32–18–26).[2]

I suggest that several of the cases heavily relied upon by the majority are not applicable or dispositive here. *Martino v. Park Jefferson Racing Ass'n,* 315 N.W.2d 309 (S.D.1982), upheld a denial of a directed verdict and approved a jury instruction; *Leslie v. City of Bonesteel,* 303 N.W.2d 117 (S.D.1981), was an appeal from a trial to the court, sitting without a jury; *Engel v. Stock,* 88 S.D. 579, 225 N.W.2d 872 (1975), involved facts establishing a clear, undis-

---

**1.** Even though not objected to in form by either counsel, I suggest that it would be better practice to separately advise the jury of the relevant statutes (at least in separate paragraphs), rather than to attempt to mold them into one all-inclusive paragraph, misleading the jury into believing that it is considering only one statute.

**2.** The trial court did not instruct the jury regarding SDCL 32–18–13 and –15 even though they are arguably applicable.

puted violation of statutes; *Grob v. Hahn,* 80 S.D. 271, 122 N.W.2d 460 (1963); *Albers v. Ottenbacher,* 79 S.D. 637, 116 N.W.2d 529 (1962). *Lovell v. Oahe Elec. Co-op.,* 382 N.W.2d 396 (S.D.1986), involved a violation of a safety standard in an ultrahazardous activity (transmission of high voltage electricity).

In *Lovell, supra,* this court distinguished between "evidence of negligence" and "negligence per se" indicating that the distinction

> is very marked in that with the former there must be an adjudication as to whether or not the statute violation constitutes negligence whereas in the latter, negligence necessarily follows proof of the violation.

382 N.W.2d at 398.

In my opinion, we are dealing here with "evidence of negligence." In support of my legal position, I specifically adopt the relevant portions of Justice Henderson's dissent in *Lovell,* wherein he stated:

> This majority assumes too much from its appellate perch; it assumes that the [plaintiffs] were per se negligent....

382 N.W.2d at 404.

> If there is such evidence as to allow reasonable minds to differ, the case must be submitted to the jury.

382 N.W.2d 405.

> Thus, there are over 50 years of compelling precedent that this reviewing Court must examine the evidence in the light most favorable to the nonmoving party on a motion for directed verdict and to give said nonmoving party the benefit of all reasonable inferences therefrom. These cases, now cited in this dissent, vividly portray the grave mistake of this Court in its function on a standard of review of evidence in a civil action. When this Court is faced with whether or not there is substantial evidence to sustain the cause of action, we are to take the same approach as the trial court in its determination. We, as well as the trial court, are simply not free to weigh the evidence or gauge the credibility of the witnesses. We have no right to look upon the courtroom from

our offices at the state capitol and determine who was telling the truth and who was not and which witness was the better qualified to observe and which expert witness had the best opinion. These are all matters for the jury.

382 N.W.2d at 406.

> This decision strikes at the heart of the right to a trial by jury, guaranteed to us by our forefathers.

*Id.*

The defendants in this case, just like plaintiffs in *Lovell,* are entitled to the trial by jury "guaranteed to us by our forefathers." Reasonable minds could differ as to whether the statutes were violated. From my appellate perch, I cannot assume that defendants were negligent per se and I suggest that the majority improperly makes such an assumption.

The plaintiffs have alleged negligence and they must establish it by competent proof. In my view, although they may have presented sufficient evidence to convince a jury that defendants were negligent, they have totally failed to establish such conduct as a matter of law.

I am authorized to state that SABERS, J., joins in this concurrence in part and dissents in part.